■ In the Matter of the Claim of FRANK J. PAVONE, Appellant, v AMBASSADOR TRANSPORT, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [809 NYS2d 640]—

Mugglin, J. Appeals (1) from a decision of the Workers' Compensation Board, filed August 6, 2003, which awarded claimant's attorney a fee, and (2) from a decision of said Board, filed December 5, 2003, which denied claimant's request for reconsideration or full Board review.

Claimant suffered a work-related injury in June 1999. Following his receipt of a notice of a hearing, claimant retained the law firm of Ervin, McCane & Daly (hereinafter the firm) in July 2000 to represent him before the Workers' Compensation Board. In February 2003, upon conclusion of the matter, the firm submitted a fee request in the amount of $4,800, which was supported by a document which set forth abbreviated descriptions of the firm's handling of claimant's matter. Over claimant's objection, a workers' compensation law judge approved the fee as requested. Upon claimant's administrative appeal and following oral argument, a Board panel affirmed the decision of the workers' compensation law judge, and claimant's request for full Board review or reconsideration was denied. Claimant appeals.

Counsel fees for services rendered in a workers' compensation matter must be approved by the Board (*see* Workers' Compensation Law § 24). Claimant's primary contentions are addressed to the firm's failure to submit, and the Board's consequent failure to consider, a detailed accounting of the amount of time that the firm spent handling his case. These arguments are without merit because in a contested matter such as claimant's, where the requested fee is more than $450, there is no requirement that the attorney specifically state the time spent for the performance of his or her services (*see* 12 NYCRR 300.17 [f]; *compare* 12 NYCRR 300.17 [d] [1]; [e]). Rather, the Board may approve a fee "in an amount commensurate with the services rendered and having due regard for the financial status of the claimant and whether the attorney . . . engaged in dilatory tactics or failed to comply in a timely manner with board rules. In no case shall the fee be based solely on the amount of the award" (12 NYCRR 300.17 [f]). Workers' Compensation Law § 24 vests in the Board broad discretion with regard to the approval of counsel fees (*see Matter of Rodd v Coram Fire Dist.*, 12 AD3d 890 [2004]; *Matter of Marchese v New York State Dept. of Correctional Servs.*, 293 AD2d 920 [2002]), and such approval will

be disturbed by this Court only if it is arbitrary, capricious, unreasonable or otherwise constitutes an abuse of the Board's discretion (*see Matter of Volker v Davis*, 271 App Div 763 [1946]; Minkowitz, Practice Commentaries, McKinney's Cons Laws of NY, Book 64, Workers' Compensation Law § 24, at 6).

Our review of the record reveals that the firm represented claimant over a period of 2½ years, had ongoing personal and telephonic contact with claimant, made numerous appearances before the Board, diligently maintained his file and submitted appropriate documents to the Board, including a written memorandum in opposition to an administrative appeal by the carrier, and prosecuted claimant's interests without dilatory or other improper conduct. The firm was instrumental in claimant's ultimate receipt of substantial workers' compensation benefits, and the fee—which was less than 10% of claimant's total award—was neither based solely on the amount of the award nor approved without regard to claimant's financial status. In sum, the Board's approval of counsel fees in this matter was not arbitrary, capricious, unreasonable or otherwise an abuse of the Board's discretion.

Cardona, P.J., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the decisions are affirmed, without costs.