*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 29, 2015               520782
_____

In the Matter of the Claim of
    DONALD L. BRADY,
                    Appellant,
        v

NORTHEAST RIGGERS & ERECTORS          MEMORANDUM AND ORDER
    et al.,
                    Respondents.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____


Calendar Date:  September 14, 2015

Before:  Garry, J.P., Egan Jr., Rose and Clark, JJ.

                    _____


        Kirk & Teff, LLP, Kingston (Justin S. Teff of counsel), for
appellant.

        Sullivan Keenan Oliver & Violando, LLP, Albany (Michael D.
Violando of counsel), for Northeast Riggers & Erectors and
another, respondents.

                    _____


Clark, J.

        Appeal from a decision of the Workers' Compensation Board,
filed September 19, 2014, which, among other things, ruled that
claimant did not have a total industrial disability.

        In March 2012, claimant, a union construction laborer,
suffered an injury to his back and abdomen.  His claim for
workers' compensation benefits was established for a work-related
injury.  Following a hearing in September 2013, at which the

employer and its workers' compensation carrier sought to challenge claimant's attachment to the labor market and claimant sought a finding of a temporary total industrial disability, a Workers' Compensation Law Judge (hereinafter WCLJ) found that claimant was attached to the labor market. Directing further development of the record, the WCLJ also found, among other things, that claimant had not yet been classified with a permanent disability and, therefore, the issue of total industrial disability was premature. This determination was upheld by the Workers' Compensation Board following appeals by both claimant and the employer and its carrier. Claimant now appeals to this Court arguing only that the Board erred in declining to classify him as having a temporary total industrial disability. We are unpersuaded by this argument and affirm.

"A claimant who has a permanent partial disability may nonetheless be classified as totally industrially disabled where the limitations imposed by the work-related disability, coupled with other factors, such as limited educational background and work history, render the claimant incapable of gainful employment" (Matter of Rose v Roundpoint Constr., 124 AD3d 1033, 1034 [2015] [internal quotation marks and citations omitted; emphasis added]; see Matter of Wooding v Nestle USA, Inc., 75 AD3d 1043, 1043 [2010]; see generally Workers' Compensation Law § 15 [3]). Whether a claimant suffers from a total industrial disability is "a question of fact for the Board to resolve and its determination will not be disturbed if supported by substantial evidence" (Matter of Sacco v Mast Adv./Publ., 71 AD3d 1304, 1305 [2010]).

Here, in rejecting claimant's request for classification of temporary total industrial disability, the Board explained that, because the permanency of claimant's injury had not yet been determined, "a finding on total industrial disability is premature." Contrary to claimant's assertions, we find no legal basis upon which a classification of temporary total industrial disability may properly be made absent a prior determination of permanency (see e.g. Matter of Kucuk v Hickey Freeman Co., Inc., 78 AD3d 1259, 1260-1261 [2010]; Matter of Sacco v Mast Adv./Publ., 71 AD3d at 1305; Matter of Guan v CPC Home Attendant

Program, Inc., 50 AD3d 1218, 1219-1220 [2008]; Matter of Utley v General Motors Corp., 285 AD2d 843, 843 [2001]).  Accordingly, we agree with the Board that such a determination would be premature at this juncture.

Garry, J.P., Egan Jr. and Rose, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court