*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 19, 2015          520221
_____

In the Matter of the Claim of
    BRIAN PICKERING,
                    Appellant,

        v                                    MEMORANDUM AND ORDER

CAR WIN CONSTRUCTION, INC.,
    et al.,
                    Respondents.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____

Calendar Date:   October 23, 2015

Before:  McCarthy, J.P., Egan Jr., Lynch and Devine, JJ.

                    _____


        Law Offices of Joseph A. Romano, New York City (Joseph A.
Romano of counsel), for appellant.

        Weiss, Wexler & Wornow, PC, New York City (Andrea Catalano
of counsel), for Car Win Construction, Inc., respondent.

                    _____


McCarthy, J.P.

        Appeal from a decision of the Workers' Compensation Board,
filed May 7, 2014, which, among other things, disallowed an award
of counsel fees.

        Claimant suffered work-related injuries and was awarded
workers' compensation benefits.  He thereafter requested consent
from the employer's workers' compensation carrier to settle a
third-party claim.  The carrier and claimant entered into a
settlement agreement pursuant to Workers' Compensation Law § 32,

whereby the carrier agreed to waive a recoverable lien of $527,252.42 for past benefits against the proceeds of the third-party action and claimant waived his right to any future workers' compensation benefits and discharged the carrier from any further liability under the claim.  Pursuant to the settlement agreement, claimant sought $52,725 in counsel fees based upon the negotiated waiver of the lien.[1]  A Workers' Compensation Law Judge approved the settlement agreement, but denied the payment of counsel fees. The Workers' Compensation Board upheld that decision and claimant now appeals.

We affirm.  Pursuant to Workers' Compensation Law § 24, counsel fees approved by the Board "shall become a lien upon the compensation awarded" and compensation is defined as "the money allowance payable to an employee or to his [or her] dependents as provided for in this chapter" (Workers' Compensation Law § 2 [6]).  Claimant contends that the carrier's waiver of its lien against the third-party settlement is equivalent to a payment of compensation and counsel fees based upon services provided in securing the waiver should be approved.  While "the term 'compensation' should be liberally construed to advance the interest of injured employees" (Matter of Shea v Icelandair, 63 AD3d 30, 32 [2009]; see Matter of Keser v New York State Elmira Psychiatric Ctr., 92 NY2d 100, 104-106 [1998]), we find no abuse of the Board's discretion in its finding that a waiver by a workers' compensation carrier of a lien against a third-party recovery is not compensation within the meaning of the Workers' Compensation Law (compare Matter of McCabe v Albany County Sheriff's Dept., 129 AD3d 1348, 1349-1350 [2015]).  Although claimant does benefit from the waiver of the lien, the benefit derived relates to the third-party proceeds and not to compensation awarded him under the Workers' Compensation Law. Accordingly, the Board's refusal to award counsel fees will not be disturbed.

Egan Jr., Lynch and Devine, JJ., concur.

---

[1]  The requested amount reflects 15% of the $351,501.61 that claimant's third-party counsel was holding in escrow in order to satisfy the carrier's lien.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court