*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   June 16, 2016                     521993
_____

In the Matter of the Claim of
    JUAN PAEZ,
                         Appellant,

        v

LACKMAN CULINARY SERVICES                 MEMORANDUM AND ORDER
    et al.,
                         Respondents.

WORKERS' COMPENSATION BOARD,
                         Respondent.
_____

Calendar Date:   May 25, 2016

Before:   Peters, P.J., McCarthy, Egan Jr., Lynch and Devine, JJ.

                        _____


        Grey & Grey, LLP, Farmingdale (Robert E. Grey of counsel),
for appellant.

        Weiss, Wexler & Wornow, PC, New York City (J. Evan Perigoe
of counsel), for Lackman Culinary Services and another,
respondents.

                        _____


Lynch, J.

        Appeal from a decision of the Workers' Compensation Board,
filed February 6, 2015, which ruled, among other things, that
claimant sustained a permanent partial disability and an 80% loss
of wage-earning capacity.

        Claimant immigrated from the Dominican Republic in 2008 and
began working for the employer as a food service worker.  On
October 7, 2010, he injured his lower back when he slipped and

fell while stocking items that he had unloaded from a truck into a freezer and, consequently, filed a claim for workers' compensation benefits. His case was established for accident, notice and causal relationship for the injury to his back and he received awards at different rates for various periods of time thereafter.

In July 2011, an MRI revealed that claimant had a large herniated disc with nerve root compression and his neurologist recommended that he undergo a lumbar discectomy and laminectomy. The orthopedic surgeon who examined claimant on behalf of the employer's workers' compensation carrier agreed and the surgery was performed on March 14, 2012. Although the surgery alleviated many of claimant's symptoms, he continued to have lower back pain for which he was treated with epidural steroid injections and medications. He was, however, unable to return to his job as a food service worker.

During the course of proceedings in his workers' compensation case, a Workers' Compensation Law Judge (hereinafter WCLJ) directed the depositions of three physicians who had examined claimant to provide testimony on the issues of maximum medical improvement, permanency and loss of wage-earning capacity. Claimant's treating pain management physician and the carrier's orthopedic consultant provided such depositions.[1] After considering these depositions and claimant's testimony, the WCLJ issued a decision finding, among other things, that claimant had a permanent partial disability and an 80% loss of wage-earning capacity. A panel of the Workers' Compensation Board affirmed this decision and claimant now appeals.

Initially, claimant contends that the Board erred in failing to consider whether he suffered a total industrial disability. The Board indicated that it was declining to consider this issue because it was not raised before the WCLJ. The record, however, reveals that claimant first raised it in

_____

[1] The third physician, who was claimant's treating neurologist, failed to appear for a deposition despite three attempts to obtain his testimony.

proceedings before the WCLJ in March 2013 and again in proceedings in November 2013 at which he testified (compare Matter of Forte v City & Suburban, 292 AD2d 738, 739 [2002]). Neither the WCLJ nor the Board, however, addressed this issue, but instead focused on claimant's loss of wage-earning capacity. Significantly, the issue of whether a claimant has sustained a total industrial disability (see Workers' Compensation Law § 35 [2]; Matter of Brady v Northeast Riggers & Erectors, 132 AD3d 1226, 1226-1227 [2015]; Matter of Rose v Roundpoint Constr., 124 AD3d 1033, 1034 [2015]) differs from whether a claimant has suffered a loss of wage-earning capacity (see Workers' Compensation Law § 15 [3] [w]; [5-a]; Matter of Baczuk v Good Samaritan Hosp., 132 AD3d 1033, 1034-1035 [2015]), with the former having a potentially more favorable outcome for a claimant.  Accordingly, the matter must be remitted to the Board to consider this issue.  In view of our disposition, we need not address claimant's remaining claim.

        Peters, P.J., McCarthy, Egan Jr. and Devine, JJ., concur.


        ORDERED that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.



                        ENTER:



                        Robert D. Mayberger
                        Clerk of the Court