*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 30, 2016                522067
_____

In the Matter of the Claim of
    STEVEN KENNEDY,
                    Claimant,
        v

NEW YORK CITY DEPARTMENT OF
    CORRECTIONS,                        MEMORANDUM AND ORDER
                    Respondent.

WORKERS' COMPENSATION BOARD,
                    Respondent.

RELLA & ASSOCIATES, P.C.,
                    Appellant.
_____

Calendar Date:  May 25, 2016

Before:  Peters, P.J., McCarthy, Egan Jr., Lynch and Devine, JJ.

_____

        Rella & Associates, PC, Sleepy Hollow (Matthew T. Keller of counsel), for appellant.

        Eric T. Schneiderman, Attorney General, New York City (Donya Fernandez of counsel), for Workers' Compensation Board, respondent.

_____

Peters, P.J.

        Appeal from a decision of the Workers' Compensation Board, filed December 23, 2015, which, among other things, determined the amount of counsel fees due to claimant's counsel.

Claimant, who resides in Brooklyn, was injured in the line of duty as a correction officer in Queens in July 2012. On August 17, 2012, claimant's counsel, Gerarda M. Rella of Rella & Associates, P.C., filed a claim for workers' compensation benefits on his behalf. Rella also submitted a motion for a change of venue that was supported by a handwritten note signed by claimant requesting that his hearings be held in the City of White Plains, Westchester County. The note asserted that the requested venue "was the most efficient hearing point in the state" and that he "wish[ed] to limit the amount of time lost from work for attendance at hearings." A Workers' Compensation Law Judge (hereinafter WCLJ) denied the change of venue request, finding that claimant's place of residence, Brooklyn, was the proper venue. The WCLJ further concluded that the request for venue in White Plains was without reasonable grounds and unsupported by any evidence in the record and, thus, frivolous. Noting that Rella's identical request on behalf of another claimant prior to this request had previously been rejected as frivolous and that Rella had been warned that venue is not established for the convenience of the attorney, the WCLJ imposed a penalty on Rella of $500 pursuant to Workers' Compensation Law § 114-a (3) (ii). The Workers' Compensation Board agreed and increased the penalty to $750 pursuant to Workers' Compensation Law § 114-a (3) (ii), based upon Rella's continuing conduct in filing identical improper and groundless applications for venue changes despite prior adverse Board rulings, as well as Rella's pursuit of invalid arguments on administrative appeal to the Board in this matter. Rella filed a notice of appeal from that Board decision but never perfected the appeal, and did not pay the penalty.

Rella thereafter submitted an application for counsel fees in the amount of $15,215 and, after a hearing, the WCLJ concluded that Rella's failure to pay the penalty was a dilatory tactic that warranted a reduction of the fee request to $10,000 (see 12 NYCRR 300.17 [f]). On Rella's appeal, the Board further found that Rella had "exaggerated the work performed in this matter" and that "a significant amount of work was performed for [Rella's] benefit (not the claimant's)," and also took into consideration that Rella had failed to pay the $750 penalty. The Board concluded that the $10,000 fee awarded was excessive and

reduced it to $5,000 "for the less than 20 . . . hours [Rella actually] worked."[1]  Rella appeals.

We affirm.  It is well established that "[t]he Board has the authority pursuant to Workers' Compensation Law § 114-a (3) (ii) to impose a penalty against a claimant's attorney for submitting, without reasonable grounds, a change of venue request, a procedural motion that is deemed to be a proceeding under the statute" (Matter of Vallecillo v New York City Dept. of Corr., 134 AD3d 1384, 1385 [2015]; see Matter of Batchelor v NYC Dept. of Corr., 123 AD3d 1366, 1366 [2014]; Matter of Banton v New York City Dept. of Corr., 112 AD3d 1195, 1196-1197 [2013]). Here, Rella does not challenge the Board's imposition of a penalty against him or its amount but, instead, claims that there was an indefinite stay of his obligation to pay that penalty until a final decision was rendered by this Court, and the Board had no authority to reduce counsel fees based on his failure to pay that penalty.  We disagree with both assertions.  First, Rella did not perfect his appeal of the Board's decision imposing the penalty, as he should have and has done in numerous other matters (see e.g. Matter of Vallecillo v New York City Dept. of Corr, 134 AD3d at 1384-1385; Matter of Banton v New York City Dept. of Corr., 112 AD3d at 1196-1197).  We concur with the Board's conclusion that there is no stay of a penalty imposed by the Board on an attorney pursuant to Workers' Compensation Law § 114-a (3) (ii), and find that Rella's contention that he could simply delay his obligation and withhold payment is not supported by any legal authority.[2]

---

[1] Rella had claimed to have worked 25 hours on the application for counsel fee form, later amended to 28 hours.

[2]  Rella's arguments premised upon the inapplicability of Workers' Compensation Law § 23 to his penalty are misplaced, as the Board did not rely on that statute in concluding that there was no stay of the penalty.  As relevant here, this statute protects claimants by providing that an appeal to this Court or to the Court of Appeals does not operate as a stay of "the payment of compensation required by the terms of an award" or the payment of medical and related costs (Workers' Compensation Law

We similarly reject Rella's contention that the Board had no authority to reduce his counsel fees based, in part, on his failure to pay the penalty. Pursuant to Workers' Compensation Law § 24, counsel fees must be approved by the Board and "become a lien upon the compensation awarded" (see Matter of Pickering v Car Win Const., Inc., 133 AD3d 1068, 1068 [2015], appeal dismissed, lv denied 26 NY3d 1139 [2016]; see also Matter of Crosby v State of N.Y. Workers' Compensation Bd., 57 NY2d 305, 310 [1982]). The Board may approve counsel fees "in an amount commensurate with the services rendered and having due regard for the financial status of the claimant and whether the attorney . . . engaged in dilatory tactics or failed to comply in a timely manner with board rules. In no case shall the fee be based solely on the amount of the award" (12 NYCRR 300.17 [f]). The Board is vested with "broad discretion with regard to the approval of counsel fees" and its award will not be disturbed by this Court except upon a showing that it is arbitrary and capricious or an abuse of discretion (Matter of Pavone v Ambassador Transp., Inc., 26 AD3d 645, 646-647 [2006]; see Matter of Grasso v Brewster Cent. School Dist., 81 AD3d 1060, 1061 [2011]). No such showing has been made here.

Moreover, under these circumstances, we find that the Board was fully authorized to conclude that Rella's failure for over 18 months to pay the fine imposed by the Board in 2013 was a "dilatory tactic[]" (12 NYCRR 300.17 [f]) which it properly took into consideration in its counsel fee award. Contrary to Rella's argument, in response to his application for Board review of the counsel fee award, the Board acted within its discretion and authority in further reducing that award upon consideration of the relevant factors, including whether the fee was "commensurate with the services rendered" (12 NYCRR 300.17 [f]; see Matter of Grasso v  Brewster Cent. School Dist., 81 AD3d at 1061; Matter of Pavone v Ambassador Transp., Inc., 26 AD3d at 646-647). As the

§ 23). Nothing in that statute suggests that an attorney against whom the Board imposes a penalty pursuant to Workers' Compensation Law § 114-a (3) (ii) is accorded a stay until an appeal is taken to this Court and a decision is rendered on challenges to subsequent issues raised in the case.

record supports the Board's determination that Rella's fee request was based upon "improperly inflated" or "exaggerated" claims of work performed on claimant's behalf, and that the fee awarded by the WCLJ was excessive, we see no basis upon which to disturb the Board's fee award of $5,000 for the 20 hours of work performed by Rella.

McCarthy, Egan Jr., Lynch and Devine, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court