*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 19, 2017                    523441
_____

In the Matter of the Claim of
    DANIEL GUAMANTARIO
    TENECELA,
                        Appellant,

        v

VRAPO CONSTRUCTION et al.,                    MEMORANDUM AND ORDER
                        Respondents.

WORKERS' COMPENSATION BOARD,
                        Respondent.

JOSEPH A. ROMANO,
                        Appellant.
_____

Calendar Date:   December 13, 2016

Before:  McCarthy, J.P., Egan Jr., Lynch, Clark and Aarons, JJ.

                        _____

        Law Office of Joseph A. Romano, New York City (Joseph A.
Romano of counsel), for appellants.

        William O'Brien, State Insurance Fund, White Plains (Rudolf
Rosa Di Sant of counsel), for Vrapo Construction and another,
respondents.

                        _____

Clark, J.

        Appeal from a decision of the Workers' Compensation Board,
filed November 12, 2015, which ruled, among other things, that
claimant sustained a permanent partial disability and a 98% loss
of wage-earning capacity and awarded counsel fees.

In 2011, while employed as a carpenter, claimant fell off a roof and sustained injuries that were established to his neck, back, knees, head, nose, right shoulder and right wrist. Claimant received ongoing treatment and was paid awards at a temporary total disability rate. Following receipt of medical reports and testimony on the degree of permanency, impairment and loss of wage-earning capacity, the Workers' Compensation Law Judge (hereinafter WCLJ) concluded that claimant had a permanent partial disability and a loss of wage-earning capacity of 98%. The WCLJ also awarded counsel fees in the amount of $4,000. The Workers' Compensation Board upheld the determination with regard to claimant, but sua sponte reduced the counsel fee award to $450 due to deficiencies in the attorney's OC-400.1 form. This appeal ensued, raising claims on behalf of claimant and, with regard to the reduced counsel fee award, claimant's attorney.[1]

We affirm. Claimant argues that he should have been classified as having a total industrial disability (see Workers' Compensation Law § 35 [2]) under case law providing that "a claimant who has a permanent partial disability may nonetheless be classified as totally industrially disabled where the limitations imposed by the work-related disability, coupled with other factors, such as limited educational background and work history, render the claimant incapable of gainful employment" (Matter of Roman v Manhattan & Bronx Surface Tr. Operating Auth., 139 AD3d 1304, 1306 [2016] [internal quotation marks, brackets and citations omitted]; see Matter of Barsuk v Joseph Barsuk, Inc., 24 AD3d 1118, 1118 [2005], lv dismissed 6 NY3d 891 [2006], lv denied 7 NY3d 708 [2006]). However, claimant did not raise this issue before the WCLJ, at the hearing or on appeal to the

_____

[1] Given that the issues raised on appeal concern both claimant and his attorney, the notice of appeal should have also been filed on behalf of claimant and not solely on behalf of his attorney (compare Matter of Cedeno v PACOA, 120 AD3d 1458, 1459 [2014]; Matter of Wolfe v New York City Dept. of Corr., 112 AD3d 1197, 1198 n [2013]). The parties do not address this issue and, in the absence of any alleged prejudice, we will disregard the error and treat the appeal as also taken by claimant (see CPLR 2001).

Board, instead arguing that the medical evidence established that he has a permanent total – not partial – disability and that his lost wage-earning capacity is 100%. The issue is therefore unpreserved for our review (see Matter of Duncan v John Wiley & Sons, Inc., 137 AD3d 1430, 1431 [2016]; Matter of Stewart v NYC Tr. Auth., 115 AD3d 1046, 1046 [2014]). While there was some development of the record with regard to nonmedical factors relevant to total industrial disability, that issue and inquiry would have raised a question of fact for the Board to resolve (see Matter of Brady v Northeast Riggers & Erectors, 132 AD3d 1226, 1227 [2015]; Matter of Rose v Roundpoint Constr., 124 AD3d 1033, 1034 [2015]) and is distinct from the issue of whether claimant suffered a loss of wage-earning capacity (see Workers' Compensation Law § 15 [3] [w]; [5-a]; Matter of Paez v Lackman Culinary Servs., 140 AD3d 1462, 1464 [2016]). Accordingly, as claimant never argued this issue before the WCLJ or the Board, the Board cannot be faulted for not addressing it, and this Court will not do so for the first time on appeal (see Matter of Duncan v John Wiley & Sons, Inc., 137 AD3d at 1431; Matter of Hernandez v Excel Recyling Corp., 31 AD3d 1091, 1092 [2006]; Matter of Forte v City & Suburban, 292 AD2d 738, 739 [2002]; compare Matter of Paez v Lackman Culinary Servs., 140 AD3d at 1463-1464).

In addition, claimant's attorney argues that the Board erred in reducing the WCLJ's award of counsel fees based upon deficiencies in the OC-400.1 form, which was required because the fee request exceeded $450 (see 12 NYCRR 300.17 [d] [1]). Pursuant to Workers' Compensation Law § 24, counsel fees must be approved by the Board in the exercise of its broad discretion (see Matter of Kennedy v New York City Dept. of Corr., 140 AD3d 1572, 1574 [2016]). The Board may approve counsel fees "in an amount commensurate with the services rendered and having due regard for the financial status of the claimant and whether the attorney . . . engaged in dilatory tactics or failed to comply in a timely manner with [B]oard rules. In no case shall the fee be based solely on the amount of the award" (12 NYCRR 300.17 [f] [emphasis added]).

Here, the Board properly found that the OC-400.1 form was deficient based upon its "illegib[ility]." Forms submitted for counsel fees must be "accurately completed" (12 NYCRR 300.17 [d]

[1]), and we agree with the Board's finding that the description of the services rendered was not legible. The Board also relied upon the absence of any indication as to the specific amount of time spent on each of the services rendered to claimant,[2] which is relevant to the evaluation of the "services rendered" (12 NYCRR 300.17 [e]). While the dates and number of hours recorded on each line of the form are legible, the descriptions accompanying them are not, including one for "30+" hours, making impossible any assessment of the services rendered. Under these circumstances, we cannot conclude that the Board abused its discretion or acted in an arbitrary and capricious manner in rejecting the form and reducing the award of counsel fees to $450, the maximum amount permitted in the absence of the required form (see 12 NYCRR 300.17 [d] [1]; Matter of Kennedy v New York City Dept. of Corr., 140 AD3d at 1574).

McCarthy, J.P., Egan Jr., Lynch and Aarons, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court

---

[2]  To the extent that our prior decision in Matter of Pavone v Ambassador Transp., Inc. (26 AD3d 645, 646 [2006]) held that counsel is not required to record the amount of time spent rendering legal services under 12 NYCRR 300.17 (f) for purposes of a counsel fee request, it should not be followed (see Matter of Fernandez v Royal Coach Lines, Inc., ___ AD3d ___, ___ n [decided herewith]).