*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: January 19, 2017 523446
_____

In the Matter of the Claim of
   JULIO FERNANDEZ,
                Claimant,
     v                         MEMORANDUM AND ORDER

ROYAL COACH LINES, INC., et al.,
                Respondents.

WORKERS' COMPENSATION BOARD,
                Respondent.

JOSEPH A. ROMANO,
                Appellant.
_____

Calendar Date: December 13, 2016

Before: McCarthy, J.P., Egan Jr., Lynch, Clark and Aarons, JJ.

_____

    Law Office of Joseph A. Romano, New York City (Joseph A. Romano of counsel), for appellant.

    Vecchione, Vecchione, Connors & Cano, LLP, Garden City (Brian Anson of counsel), for Royal Coach Lines, Inc. and another, respondents.

_____

Lynch, J.

    Appeal from a decision of the Workers' Compensation Board, filed January 25, 2016, which, among other things, determined the amount of counsel fees due to claimant's counsel.

    Claimant suffered work-related injuries to his neck, back, left foot and left knee and he was awarded workers' compensation

benefits. A Workers' Compensation Law Judge subsequently found claimant to be permanently totally disabled and, among other things, awarded claimant's counsel $2,800 in counsel fees. Upon appeal, the Workers' Compensation Board rescinded the finding of a permanent total disability, finding, instead, a permanent partial disability, and directed further development of the record regarding claimant's loss of wage-earning capacity. The Board also reduced the award of counsel fees to $450, finding that counsel's application for fees did not comply with 12 NYCRR 300.17 (d). Claimant's counsel now appeals, challenging the reduction in counsel fees.

Under Workers' Compensation Law § 24, the Board has broad discretion in approving an award of counsel fees (see Matter of Kennedy v New York City Dept. of Corr., 140 AD3d 1572, 1574 [2016]). Pursuant to 12 NYCRR 300.17 (d) (1), as relevant here, an attorney "shall file an application upon a form OC-400.1 in each instance where a fee is requested pursuant to [Workers' Compensation Law § 24]." In approving counsel fee requests in matters where the claimant was awarded benefits, the Board "shall approve a fee in an amount commensurate with the services rendered and having due regard for the financial status of the claimant and whether the attorney . . . engaged in dilatory tactics or failed to comply in a timely manner with [B]oard rules. In no case shall the fee be based solely on the amount of the award" (12 NYCRR 300.17 [f]).

Here, the Board found counsel's OC-400.1 fee application deficient for failing to indicate the date each service was performed and the specific amount of time for each service.[1] Instead, counsel listed four categories of service with a total time for each category, identifying only the starting date for

_____

[1] To the extent that we previously held in Matter of Pavone v Ambassador Transp., Inc. (26 AD3d 645, 646-647 [2006]) that there is no requirement that counsel provide the Board with the time spent providing his or her services pursuant to 12 NYCRR 300.17 (f), that holding should no longer be followed (see Matter of Tenecela v VRAPO Construction et al., ___ AD3d ___, ___ n [decided herewith]).

the initial work.  The regulation mandates that the form "be accurately completed" (12 NYCRR 300.17 [d] [1]).  Notably, the record confirms that counsel was familiar with a bulletin, Subject Number 046-548, issued by the Board on May 28, 2013, explaining that "[t]he form must be filled out in its entirety, including the section for the date, description, and amount of time spent on each service."  The bulletin further cautions that no fee will be approved unless "completed in its entirety" (see 12 NYCRR 300.17 [h]).  A requirement for such specificity is consonant with the Board's obligation to "approve a fee in an amount commensurate with the services rendered" (12 NYCRR 300.17 [f]).  Given this standard, the Board did not abuse its discretion in deeming counsel's application deficient and reducing the award to $450, the maximum allowed absent the required form (see 12 NYCRR 300.17 [d] [1]; Matter of Kennedy v New York City Dept. of Corr., 140 AD3d at 1574).  This is all the more so given that counsel failed to disclose that he had already been awarded $900 in fees.

    McCarthy, J.P., Egan Jr., Clark and Aarons, JJ., concur.

    ORDERED that the decision is affirmed, without costs.

            ENTER:

            Robert D. Mayberger
            Clerk of the Court