*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 9, 2017               523445
_____

In the Matter of the Claim of
    JAMES CURCIO,
                        Appellant,

        v

SHERWOOD 370 MANAGEMENT LLC              MEMORANDUM AND ORDER
    et al.,
                        Respondents.

WORKERS' COMPENSATION BOARD,
                        Respondent.

JOSEPH A. ROMANO,
                        Appellant.
_____

Calendar Date:  January 9, 2017

Before:  McCarthy, J.P., Egan Jr., Lynch, Clark and Mulvey, JJ.

_____

    Law Office of Joseph A. Romano, New York City (Joseph A. Romano of counsel), for appellants.

    William O'Brien, State Insurance Fund, Endicott (Scott B. Anglehart of counsel), for Sherwood 370 Management LLC and another, respondents.

_____

Mulvey, J.

    Appeal from a decision of the Workers' Compensation Board, filed December 30, 2015, which ruled that claimant sustained a permanent partial disability and a 90% loss of wage-earning capacity and awarded counsel fees.

Claimant, a building engineer for 27 years, sustained a compensable work-related injury to his back and neck and was awarded workers' compensation benefits. Thereafter, a Workers' Compensation Law Judge (hereinafter WCLJ) classified claimant as having a permanent total disability and, among other things, awarded $7,920 in fees to claimant's counsel. On administrative appeal, the Workers' Compensation Board, among other things, modified the WCLJ's decision and found that claimant has a permanent partial disability and a loss of wage-earning capacity of 90%. The Board sua sponte also reduced the counsel fee award to $450 due to counsel's failure to properly complete the OC-400.1 counsel fee application. This appeal ensued.[1]

We are unpersuaded by claimant's contention that substantial evidence does not support the Board's finding that he is permanently disabled only to a partial extent. "This Court accords great deference to the Board's resolution of issues concerning conflicting medical evidence and witness credibility, and the Board may accept or reject portions of a medical expert's opinion" (Matter of Mearns v Sunoco, Inc., 77 AD3d 1045, 1046 [2010] [internal quotation marks and citation omitted]; see Matter of Campbell v Interstate Materials Corp., 135 AD3d 1276, 1277 [2016]). Here, claimant is classified with a class 4, severity ranking I impairment of the lumbar spine, which, as noted by the Board, is not equivalent to total disability (see New York State Guidelines for Determining Permanent Impairment and Loss of Wage Earning Capacity, table 18.1 [2012]).[2] Although

---

[1]   Inasmuch as the issues raised on appeal concern both claimant and his attorney, the notice of appeal should have also been filed on behalf of claimant and not solely on behalf of his attorney (compare Matter of Cedeno v PACOA, 120 AD3d 1458, 1459 [2014]; Matter of Wolfe v New York City Dept. of Corr., 112 AD3d 1197, 1198 [2013]). The parties do not raise this issue and there is no allegation of prejudice. Therefore, we will disregard the error and treat the appeal as also taken by claimant (see CPLR 2001).

[2]   The Board noted that the opinion of Paul Kleinman, the independent medical examiner, "regarding . . . claimant's degree

claimant's physician concluded that claimant was permanently totally disabled, he acknowledged that claimant continued to perform daily living activities and was able to drive himself to medical appointments. The independent medical examiner, Paul Kleinman, opined that claimant's condition, while permanent, was a marked partial disability and that claimant could perform full-time sedentary work with frequent changes in position and other restrictions. Given the differing medical opinions, we find that there is substantial evidence to support the Board's conclusion that claimant's disability is partial – not total – and it will not be disturbed (see Matter of Roman v Manhattan & Bronx Surface Tr. Operating Auth., 139 AD3d 1304, 1305 [2016]; Matter of Campbell v Interstate Materials Corp., 135 AD3d at 1278).

To the extent that claimant challenges the establishment of a 90% loss of wage-earning capacity, we find that the Board's decision is supported by substantial evidence. In determining loss of wage-earning capacity in cases such as this that are not amenable to a schedule award, "[t]he Board relies upon various factors in making that determination, including the nature and degree of the work-related permanent physical and/or mental impairment, work restrictions, and claimant's age" (Matter of Roman v Manhattan & Bronx Surface Tr. Operating Auth., 139 AD3d at 1306 [internal quotation marks and citations omitted]; see Matter of Cameron v Crooked Lake House, 106 AD3d 1416, 1416 [2013], lv denied 22 NY3d 852 [2013]). The Board considered claimant's age of 52, his proficiency in reading and writing, his limited college education and his employment history consisting of primarily physical labor for 27 years. While the Board also credited the opinion of claimant's physician that claimant was capable of less than sedentary work given his work restrictions, including his limited ability to occasionally lift, pull and push five pounds, it also considered claimant's functional abilities regarding daily living. As the Board considered appropriate medical and vocational factors, we find no reason to disturb its finding that his disability deprived him of 90% of his wage-

---

of impairment [could not] be considered in reaching a conclusion on medical impairment because his opinion is not in accordance with the 2012 Guidelines."

earning capacity (see Matter of Rosales v Eugene J. Felice Landscaping, 144 AD3d 1206, 1207 [2016]; Matter of Wormley v Rochester City Sch. Dist., 126 AD3d 1257, 1258 [2015]; New York State Guidelines for Determining Permanent Impairment and Loss of Wage Earning Capacity § 9.3 [2012]).

Finally, claimant's counsel contends that the Board erred in reducing the WCLJ's award of counsel fees based upon counsel's failure to complete the OC-400.1 fee application form with respect to dates or time spent on the services rendered. Where counsel requests a fee in excess of $450, the Board's rules and regulations provide that an attorney must file a written application for such fee using form OC-400.1 and that form must be "accurately completed" (12 NYCRR 300.17 [d] [1]). The form specifically instructs an attorney to, among other things, include the dates that the services were rendered and the time spent.[3] Such information, which is also required to be provided to a claimant, is relevant to the Board's evaluation of the services rendered (see 12 NYCRR 300.17 [e], [f], [g]). "The Board may approve counsel fees 'in an amount commensurate with the services rendered'" (Matter of Kennedy v New York City Dept. of Corr., 140 AD3d 1572, 1574 [2016], quoting 12 NYCRR 300.17 [f]), and its award will not be disturbed absent a showing that it is arbitrary and capricious or an abuse of discretion (see Matter of Kennedy v New York City Dept. of Corr., 140 AD3d at 1574). Here, counsel listed the services rendered, but inserted "35 hours" for the time spent on the services and did not indicate any dates upon which the services were performed or the amount of time spent on each service rendered. Under these circumstances, we do not find that the Board abused its discretion or acted in an arbitrary and capricious manner in

_____

[3] To the extent that our prior decision in Matter of Pavone v Ambassador Transp., Inc. (26 AD3d 645, 646 [2006]) held that 12 NYCRR 300.17 (f) does not require counsel to record the amount of time spent rendering legal services, it should not be followed (see Matter of Fernandez v Royal Coach Lines, Inc., ___ AD3d ___, ___ n, 2017 NY Slip Op 00368, *2 n [2017]; Matter of Tenecela v Vrapo, ___ AD3d ___, ___ n 2, 2017 NY Slip Op 00367, *2 n 2 [2017].

finding the OC-400.1 fee application form defective and reducing the counsel fees to the maximum $450 fee permitted in the absence of the accurate completion of such application form (see 12 NYCRR 300.17 [d] [1]; [h]; Matter of Kennedy v New York City Dept. of Corr., 140 AD3d at 1574).  We have reviewed counsel's remaining contentions with regard to the reduction of counsel fees and find them to be unpersuasive.

McCarthy, J.P., Egan Jr., Lynch and Clark, JJ., concur.


ORDERED that the decision is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court