■ In the Matter of the Claim of MARY JACKSON, Claimant, v NEW YORK CITY DEPARTMENT OF TRANSPORTATION et al., Respondent. JOEL FREDERICSON, Appellant. [52 NYS3d 168]—

Lynch, J. Appeal from a decision of the Workers' Compensation Board, filed November 3, 2015, which determined the amount of fees due to claimant's licensed representative.

Claimant sustained work-related injuries to her ribs, left knee and left foot on December 20, 2011 and retained the services of Joel Fredericson, a licensed representative, shortly thereafter (*see* Workers' Compensation Law § 24-a). Following several hearings, claimant was awarded compensation at a temporary total disability rate. Fredericson submitted a form OC-400.1 fee application in 2012 for five hours of work as claimant's licensed representative, and was awarded the requested $2,450 fee in a December 2012 decision. Additional hearings, decisions, appeals, an independent medical exam and depositions followed, and claimant submitted a permanency report. In a reserved decision filed in June 2015, a Workers' Compensation Law Judge (hereinafter WCLJ) found that claimant had a 50% schedule loss of use of her left knee and a 32.5% schedule loss of use of her left foot, and awarded her $202,689.44, less payment already made.* On June 14, 2015, Fredericson submitted a form OC-400.1 fee application itemizing 61 hours of work performed on claimant's behalf since he was first retained in December 2011, and requested a fee of $28,000, less $3,075 in payments received. By amended reserved decision dated July 23, 2015, the WCLJ affirmed the scheduled loss of use determinations and award, and awarded Fredericson a fee of $10,700, which was "based upon the work performed" and which was apparently paid. Fredericson ap-

---

* The self-insured employer was directed to withhold $28,000 as a potential representative fee pending submission and approval of a form OC-400.1 fee application.

pealed to the Workers' Compensation Board, requesting that the fee be increased to $16,500, which he argued would be commensurate with the services rendered. Finding that the form OC-400.1 fee application was insufficient and not accurately completed, the Board reduced the fee to $450. Fredericson now appeals.

We affirm. Pursuant to Workers' Compensation Law § 24, the Board had broad discretion in approving a counsel fee award (*see Matter of Kennedy v New York City Dept. of Corr.*, 140 AD3d 1572, 1574 [2016]). Where counsel or a representative seeks an award in excess of $450, he or she must submit a properly completed form OC-400.1 specifying the dates and time spent on each service provided (*see* 12 NYCRR 300.17; *Matter of Tenecela v Vrapo Constr.*, 146 AD3d 1217, 1219 [2017]; *Matter of Fernandez v Royal Coach Lines, Inc.*, 146 AD3d 1220, 1220-1221 [2017]). "A requirement for such specificity is consonant with the Board's obligation to 'approve a fee in an amount commensurate with the services rendered' " (*Matter of Fernandez v Royal Coach Lines, Inc.*, 146 AD3d at 1220, quoting 12 NYCRR 300.17 [f]). Here, the Board properly found the form OC-400.1 fee application deficient in several respects. Numerous entries that designated the date as "several" included blocks of hours with only a generic description of the services rendered. While specific dates were provided for each hearing, the Board pointed out that some of the information overlapped and conflicted with the December 2012 fee application form. For instance, with respect to hearings held on September 6, 2012 and October 4, 2012, Fredericson initially charged one hour, while the June 2015 application charges 2.5 hours for the same services. Fredericson initially charged 2 hours for the December 30, 2011 client intake, but charged 3.5 hours for the intake in the June 2015 application. As the Board astutely recognized, the troubling discrepancies between the 2012 and 2015 applications called into question the integrity of the 2015 submission. As such, the Board's determination to reject the 2015 application and reduce the fee to the $450 minimum was not an abuse of discretion or arbitrary and capricious (*see Matter of Tenecela v Vrapo Constr.*, 146 AD3d at 1219-1220; *Matter of Fernandez v Royal Coach Lines, Inc.*, 146 AD3d at 1221). Where, as here, the application is seriously deficient, it is neither the obligation of the Board nor this Court to parse the application to identify any plausible entries (*see* 12 NYCRR 300.17 [h]).

McCarthy, J.P., Egan Jr., Devine and Clark, JJ., concur.
Ordered that the decision is affirmed, without costs.