Matter of Bowers v New York City Tr. Auth. (2019 NY Slip Op 08748)





Matter of Bowers v New York City Tr. Auth.


2019 NY Slip Op 08748


Decided on December 5, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 5, 2019

527549

[*1]In the Matter of the Claim of Cynthia Bowers, Appellant,
v
New York City Transit Authority, Respondent. Workers' Compensation Board, Respondent.

Calendar Date: November 21, 2019

Before: Garry, P.J., Egan Jr., Lynch and Devine, JJ.


Geoffrey Schotter, New York City, for appellant.
Jones Jones LLC, New York City (David S. Secemski of counsel), for New York City Transit Authority, respondent.
Lynch, J.
Appeal from a decision of the Workers' Compensation Board, filed June 18, 2018, which ruled, among other things, that claimant was required to demonstrate attachment to the labor market subsequent to February 1, 2018.
Claimant, a cleaner for the employer, was lifting a garbage can at work when she felt her right shoulder snap. Claimant sought workers' compensation benefits and, in December 2016, a Workers' Compensation Law Judge (hereinafter WCLJ) found that claimant had sustained a work-related injury to her right shoulder and neck and awarded benefits at a tentative rate. Following the submission of competing medical evaluations and conflicting opinions as to the degree of claimant's disability, the self-insured employer — at a hearing held on February 1, 2018 — raised the issue of labor market attachment; in response, the WCLJ directed further development of the record on the issues of labor market attachment and loss of wage-earning capacity and continued awards at a tentative rate.
Claimant sought review by the Workers' Compensation Board, contending that she was not required to demonstrate attachment to the labor market because, absent a finding that she had sustained a permanent partial disability, she was entitled to rely upon her chiropractor's opinion that she was temporarily totally disabled. Acknowledging that the WCLJ did not expressly find that claimant had sustained a permanent partial disability, the employer still opposed claimant's application, arguing that claimant's most recent medical proof established that she had only a 75% disability and, further, was capable of sedentary work.[FN1] The Board affirmed the WCLJ's decision directing further development of the record on the issue of labor market attachment subsequent to February 1, 2018, "as well as [on] the issue of permanency." This appeal by claimant ensued.
Claimant's obligation to demonstrate attachment to the labor market is predicated — in the first instance — upon a finding of a permanent partial disability (see e.g. Matter of Zamora v New York Neurologic Assoc., 19 NY3d 186, 191-192 [2012]; Matter of Bloomingdale v Reale Constr. Co. Inc., 161 AD3d 1406, 1406-1407 [2018]; Matter of Walker v Darcon Constr. Co., 142 AD3d 740, 741 [2016]). Indeed, as the Board acknowledged in its written decision in this matter, "[u]ntil such time that the claimant is advised that his or her disability is less than total, or the WCLJ makes the same finding, the claimant can rely upon his or her doctor's opinion and advice that he or she is totally disabled and cannot work" (internal quotation marks and citation omitted). As claimant correctly observes, the WCLJ made no such finding here. Although the record contains conflicting medical evidence on this point, nothing on the face of the WCLJ's decision suggests that the WCLJ weighed the competing reports and reached a determination as to the nature and degree of claimant's disability. Further, the Board's finding that claimant was awarded benefits "at a partial rate of disability in the [WCLJ's] decision filed February 6, 2018" and, hence, was "aware that she was considered to have a partial rate of disability" and of the corresponding need to "search for work" as of that date, is belied by the WCLJ's decision, which — as noted previously — continued awards to claimant at a tentative rate. Absent a finding that claimant sustained a permanent partial disability, any directive that claimant demonstrate attachment to the labor market was premature (cf. Matter of Brady v Northeast Riggers & Erectors, 132 AD3d 1226, 1226-1226 [2015]). Accordingly, the Board's decision is reversed and the matter is remitted for further proceedings.
Garry, P.J., Egan Jr. and Devine, JJ., concur.
ORDERED that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: Certain of the medical reports submitted indicated that claimant had a permanent marked overall disability of 75% (with a class 4, severity F rating), while other reports indicated that claimant was 100% temporarily totally disabled.