Matter of Dzielski v New York State Dept. of Corr. & Community Supervision (2020 NY Slip Op 05559)





Matter of Dzielski v New York State Dept. of Corr. & Community Supervision


2020 NY Slip Op 05559


Decided on October 8, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 8, 2020

530052

[*1]In the Matter of the Claim of Kevin Dzielski, Appellant,
v
New York State Department of Corrections and Community Supervision et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: September 11, 2020

Before: Lynch, J.P., Clark, Devine, Pritzker and Reynolds Fitzgerald, JJ.


Connors & Ferris, LLP, Rochester (Gregory R. Connors of counsel), for appellant.
Letitia James, Attorney General, New York City (Marjorie S. Leff of counsel), for Workers' Compensation Board, respondent.



Reynolds Fitzgerald, J.
Appeal from a decision of the Workers' Compensation Board, filed January 15, 2019, which determined the amount of counsel fees due to claimant's counsel.
Claimant, a correction officer, established
work-related injuries to his right shoulder and left wrist, as well as a consequential right carpel tunnel syndrome injury. Following various surgeries, claimant filed a notice regarding a possible award for a permanent injury and was evaluated for levels of permanent impairment caused by the injuries. Claimant's physician and the independent medical examiner for the employer's workers' compensation carrier offered differing opinions as to claimant's schedule loss of use (hereinafter SLU) of the injured areas. Claimant and the carrier were unable to reach a settlement and, therefore, were directed to submit medical deposition transcripts and memoranda. In the memorandum of law submitted on behalf of claimant, the law firm representing claimant requested $52,000 in counsel fees. Thereafter, in a reserved decision, the Workers' Compensation Law Judge (hereinafter WCLJ), primarily crediting the medical opinion submitted by the carrier, ruled that claimant sustained a 50% SLU of the right arm, a 20% SLU of his right hand and a 20% SLU of the left hand. In addition, the WCLJ found that the law firm's failure to submit an OC-400.1 fee application form — which the WCLJ noted should have been submitted at the time the memorandum was filed — was the equivalent of submitting a defective form. As such, the WCLJ awarded $1,000 in counsel fees pursuant to the maximum fee allowable by regulation without submission of a fee application. Upon administrative appeal, the Workers' Compensation Board affirmed the challenge to the SLU awards, as well as the amount of counsel fees awarded to the law firm.[FN1] Claimant appeals, with the sole issue upon appeal challenging the propriety of the amount of counsel fees awarded.[FN2]
We affirm. Where, as here, a request for counsel fees exceeds $1,000, counsel is required to submit an accurately completed form OC-400.1 fee application specifying the dates and description of the services rendered on behalf of the claimant, as well as the total hours expended (see 12 NYCRR 300.17 [d]; Matter of Jackson v New York City Dept. of Transp., 149 AD3d 1334, 1335 [2017]). "Workers' Compensation Law § 24 vests in the Board broad discretion with regard to the approval of counsel fees, and such approval will be disturbed by this Court only if it is arbitrary, capricious, unreasonable or otherwise constitutes an abuse of the Board's discretion" (Matter of Seales v Eastern Concrete Cutting Corp., 179 AD3d 1262, 1262 [2020] [internal quotation marks and citations omitted]; see Matter of Curcio v Sherwood 370 Mgt. LLC, 147 AD3d 1186, 1189 [2017]). Although claimant's financial status is a factor for the Board to consider in awarding counsel fees, here, other than a blanket request for counsel fees set forth in a memorandum of law, the record does not reflect that the law firm, at any point, has submitted a form OC-400.1 fee application in accordance with 12 NYCRR 300.17 (d) nor any other information pertaining to the services rendered on behalf of claimant and the amount of time expended. Absent such information, the Board was unable to evaluate whether the amount of counsel fees requested was commensurate with the nature of services rendered. Moreover, there is no indication whether claimant was advised of the amount of counsel fees requested or that he had no objection thereto (see 12 NYCRR 300.17 [d]). Given the failure to comply with the regulatory requirements regarding the filing of a fee application request, we do not find that the Board abused its discretion or acted in an arbitrary or capricious manner in awarding counsel fees of $1,000 (see 12 NYCRR 300.17 [d] [1]; [h]; see e.g. Matter of Jackson v New York City Dept. of Transp., 149 AD3d at 1335; Matter of Curcio v Sherwood 370 Mgt. LLC, 147 AD3d at 1189; Matter of Fernandez v Royal Coach Lines, Inc., 146 AD3d 1220, 1221 [2017]). We have reviewed the firm's remaining contentions and find them to be without merit.
Lynch, J.P., Clark, Devine and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: On appeal, an increase in the SLU awards was sought, in which case counsel requested a fee of $52,000. In the alternative, if the WCLJ's SLU awards were affirmed, counsel requested a fee of $30,000.

Footnote 2: As the only issue on appeal pertains to the amount of counsel fees awarded, the notice of appeal — which was filed in claimant's name — should have been filed on behalf of the law firm (see Matter of Clark v New York City Dept. of Human Resources Admin., 117 AD3d 1360, 1361 n [2014]; Matter of Banton v New York City Dept. of Corr., 112 AD3d 1195, 1196 n [2013]). We will, nevertheless, disregard this error in the absence of any demonstration of prejudice (see CPLR 2001; Matter of Clark v New York City Dept. of Human Resources Admin., 117 AD3d at 1361).