In the Matter of the Claim of JAMES WALSH, Respondent, *v.* SUCREST CORPORATION et al., Appellants; SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, November 9, 1971.

*Phillips, Lytle, Hitchcock, Blaine & Huber* (*Solan J. Stone* of counsel), appellants *pro se.*

*Adams, Brown, Starrett & Maloney* (*Arthur J. Maloney* of counsel), for Sucrest Corporation and another, appellants.

*Phillips, Lytle, Hitchcock, Blaine & Huber* (*Solan J. Stone* of counsel), for claimant-respondent.

*George Cholet* for Special Disability Fund, respondent.

*Louis J. Lefkowitz, Attorney-General* (*Morris N. Lissauer* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

SIMONS, J. This is an appeal by the employer and its carrier from a decision of the Workmen's Compensation Board. Claimant's attorney appeals from a determination of the board which denied a request for an increased attorney's fee and reduced the fee set by the Referee.

Claimant, while attending a convention in Toronto, Canada, on behalf of his employer, fell in the bathroom of his motel and sustained a fractured skull. The sole witness to the incident testified that claimant, a sufferer from an asthmatic condition, entered the bathroom during a coughing spell and collapsed. The board, in an amended decision, made a finding of fact that claimant struck his head on the wash basin while falling, sustaining a skull fracture, "which constituted an accidental injury arising out of and in the course of employment".

Under well-established rules, outside employees may remain in the course of employment even while not actively engaged in their employment duties. (*Matter of Davis* v. *Prudential Ins. Co.*, 35 A D 2d 1050; *Matter of Schreiber* v. *Revlon Prods.*, 5 A D 2d 207.) But that does not make any injury sustained by them while in the course of their employer's business, compensable. The injury must also arise out of the employment. (*Matter of Davis* v. *Newsweek Mag.*, 305 N. Y. 20.) The injury is not compensable where the accident causing it is attributable solely to the personal acts of the claimant, and not to the environment into which the employee has been necessarily placed by his

employment. (*Matter of Kaplan* v. *Zodiac Watch Co.*, 20 N Y 2d 537, 540.) The claimant went into the bathroom because he was suffering from an asthamtic coughing spell. His fall was idiopathic, i.e., self-originated. The environment that his employment placed him in did not contribute to the injury in any sense. The fall was preceded by "personal acts" of the claimant. The facts are analogous to those in cases involving injuries resulting from "bath" accidents, which have been held to be not compensable because the taking of a bath is a "purely personal act". (*Matter of Paduano* v. *New York State Workmen's Compensation Bd.*, 30 A D 2d 1009, affd. 25 N Y 2d 669; *Matter of Covel* v. *New York State Court of Claims*, 30 A D 2d 736.) While there is sufficient evidence to support the board's finding that the claimant struck the sink while falling, the presence of the sink in this case is not more significant than the presence of a bath mat in *Matter of Covel* v. *New York State Court of Claims* (*supra*) or the water-filled bathtub in *Matter of Orpin* v. *D. P. Brother & Co.* (15 A D 2d 282, affd. 12 N Y 2d 749). There is nothing inherently hazardous or work-related in either one. The "added risk" cases cited by the dissenting opinion all involve on-premises accidents. Under that circumstance the instrumentality resulting in the "added risk" is work-related and under the control of the employer. As the Court of Appeals has said "the very same sort of accident could have as easily occurred at his home or at any other place." (*Matter of Kaplan* v. *Zodiac Watch Co.*, *supra*, p. 540).

Section 24 of the Workmen's Compensation Law gives the board the power of approval of attorney's fees and such determinations shall not be disturbed so long as they are not so low or shocking as to be arbitrary, capricious, or unreasonable as a matter of law. (*Matter of Baranowski* v. *Endicott Johnson Corp.*, 28 A D 2d 780; *Matter of Mathiez* v. *Meyer*, 6 A D 2d 741.) We find no reason to disturb the board's finding in this respect.

The decision should be reversed, on the law, and claim dismissed, without costs.

HERLIHY, P. J. (dissenting). The facts in this case are uncontradicted and not in dispute and any inferences drawn by the board were reasonably associated with the facts.

In such a situation this court is now reversing the board's determination and must, necessarily, be finding as a matter of law that the accident was a "purely personal act". This reasoning completely disregards the basis of the board's decision of "added risk", for which there is ample authority. (See *Matter of Mausert* v. *Albany Bldrs. Supply Co.*, 250 N. Y. 21;

*Matter of Connelly* v. *Samaritan Hosp.*, 259 N. Y. 137; *Matter of Stern* v. *Electrol, Inc.*, 4 A D 2d 110 [very much in point]; *Matter of Morrison* v. *Congregation Sons of Israel*, 28 A D 2d 1031; *Matter of Kamper* v. *Kennelly Bar & Grill*, 33 A D 2d 1083.)

The circumstances that the accident happened in a hotel room as vis-à-vis the employer's premises is of little avail. If upon the identical facts, the accident happened in a wash room on the employer's premises, there would be little doubt of his right to compensation and to say, as does the majority, that the same sort of accident might have occurred at the claimant's home, is begging the question.

The cases relied upon by the majority are distinguishable.

*Matter of Davis* v. *Prudential Ins. Co.* (35 A D 2d 1050, 1051) is of questionable precedent. In that case the majority remitted "for a determination based on a sustainable factual basis", together with a dissent for reversal and dismissal. It was observed therein that "Each case must be judged on its own facts".

*Matter of Orpin* v. *D. P. Brother & Co.* (15 A D 2d 282, affd. 12 N Y 2d 749) and *Matter of Covel* v. *New York State Court of Claims* (30 A D 2d 736) affirmed findings of the board that the acts were "personal activity" and "personal pursuit".

In *Matter of Paduano* v. *New York State Workmen's Compensation Bd.* (30 A D 2d 1009, affd. 25 N Y 2d 669) the board was reversed because of its misinterpretation of *Matter of Miller* v. *Bartlett Tree Expert Co.* (3 A D 2d 777, 778, affd. 3 N Y 2d 654) and on the authority of *Matter of Kaplan* v. *Zodiac Watch Co.* (20 N Y 2d 537).

It should be noted that in none of these cases was there a question of work-connected causation creating an "added risk".

*Matter of Kaplan* v. *Zodiac Watch Co.* (27 A D 2d 680, revd. 20 N Y 2d 537) was appealed to the Court of Appeals as the result of a dissent in this court which found that the injury was not "work connected" because the act causing the injury was common to all male employees regardless of vocation. This theory was discussed in the Court of Appeals decision and dissent. The opinion stated (p. 540): "In our view a line must be drawn at this point. Where an accident is attributable *solely to the personal acts of the claimant,* and cannot be attributed in any way to the *environment* into which the employee has been brought by his employment, the provision of compensation for resulting injury or death hardly seems to come within the intent or purpose of the law. (See 1 Larson, Workmen's Com-

pensation Law, § 25.22.) As a matter of law such injury or death ought to be held noncompensable.''

'' Coughing '', as such, is not a personal act in the same sense as '' dressing '' as in *Matter of Kaplan* (*supra*). In the present instance it was not the '' coughing '' which caused the injury, but the falling and contact with the '' wash basin '', which constituted a nexus sufficient to establish '' environment ''. It would appear that in the present case there was the necessary '' environment '', '' work connected '' and/or '' added risk ''. This seems to be confirmed by both the memoranda and the dissenting opinion in *Matter of Paduano* (*supra*).

As in *Matter of Kaplan* (*supra*) the issue here is a legal one based on uncontradicted facts from which no conflicting inferences can reasonably be drawn and the theory of the board's decision is legally correct and should be affirmed.

REYNOLDS, GREENBLOTT and SWEENEY, JJ., concur with SIMONS, J.; HERLIHY, P. J., dissents, and votes to affirm, in an opinion.

Decision reversed, on the law, and claim dismissed, without costs.