█ In the Matter of the Claim of NORMA BRILL, Appellant, v. SAMUEL JACOBSON, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed May 8, 1969, which affirmed the Referee's decision that there was no advance payment of compensation and ordered the case closed. This case comes to us upon a stipulated shortened record and the only issue presented is that of advanced payments of compensation. The record reveals that claimant was employed as a housekeeper-companion to respondent Jacobson at a salary of $400 per month, plus room and board. Claimant testified that on December 4, 1961 she was injured while in respondent's employment; that a doctor was summoned who administered to her injuries; that respondent made arrangements for claimant to go to a hotel where she remained for 13 days; and that respondent paid the hotel and doctor's bills, and continued to pay claimant her salary as evidenced by two checks of $200 each until the end of the year. Claimant maintains that these payments constituted advance payments. The board found that there was no indication of an advance payment of compensation. We conclude that the record does not contain substantial evidence to support the board's determination. The incident on which the claim is based occurred in respondent's apartment while he was present and where claimant was treated by a doctor. It is conceded that the various sums of money were paid by respondent, although he contends there is no proof that they were paid with an acknowledgment of liability. With this contention we do not agree. There is ample evidence in the record to conclude that the payments were made under such circumstances as to imply knowledge of the injury and a recognition of liability. Furthermore, respondent offered no proof to the contrary. Consequently, the board's determination must be reversed. (*Matter of Holmes* v. *McCampbell*, 39 A D 2d 624; *Matter of Schwartz* v. *Jacobs Bros. Co.*, 247 App. Div. 848, affd. 271 N. Y. 640.) Decision reversed, and matter remitted to the board for development of the record on the issues of the accident, notice and causal relation, with costs to appellant against

the Workmen's Compensation Board. Herlihy, P. J., Cooke, Sweeney, Kane and Main, JJ., concur.