■ BOARD OF EDUCATION OF FREEPORT UNION FREE SCHOOL DISTRICT, Respondent, v EWALD B. NYQUIST, as Commissioner of Education of the State of New York, Appellant. (Proceeding No. 1.) In the Matter of JOSE SANTIAGO et al., Respondents, v BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT No. 9, FREEPORT, TOWN OF HEMPSTEAD, et al., Respondents, and EWALD B. NYQUIST, as Commissioner of Education of the State of New York, Appellant. (Proceeding No. 2.)—Appeal from an order and judgment of the Supreme Court at Special Term, entered November 21, 1977 in Albany County, which granted a motion by the Board of Education of Freeport Union Free School District (Board of Education) for summary judgment declaring the rights of the parties (92 Misc 2d 43). Following the refusal by the voters of Freeport to approve a school budget for the 1976-1977 school year, the Board of Education adopted an austerity budget pursuant to section 2023 of the Education Law. Said section requires an

austerity budget to include an appropriation for "ordinary contingent expenses". In reliance upon a bulletin distributed to all New York school districts by the State Education Department dealing with the determination of "ordinary contingent expenses", the Board of Education did not include funds in its austerity budget for pupil instructional supplies and instead billed the parents of children attending schools in the district for those supplies. Petitioners notified the Board of Education of their financial inability to pay the cost of the supplies, but were informed that no instructional materials would be distributed to their children until the bills were paid. After their request for assistance from the Nassau County Department of Social Services was denied, petitioners commenced a CPLR article 78 proceeding (Proceeding No. 2) to annul the Department of Social Services' denial of assistance and declare unconstitutional the Board of Education's policy of requiring parents to pay the cost of pupil instructional supplies. The Board of Education then instituted an action against the Commissioner of Education (Proceeding No. 1) seeking a declaration that the bulletin on "ordinary contingent expenses" was a directive of the department which caused the Board of Education to bill petitioners for supplies in violation of their constitutional rights. Following an order of consolidation, a declaratory judgment was entered which declared that the cost of such students' instructional supplies as are reasonably related to a recognized part of a public elementary or secondary school curriculum are "ordinary contingent expenses", and that it would violate both the United States and New York State Constitutions to charge a fee for such expenses. The commissioner alone appeals from that judgment. Section 2024 of the Education Law provides that disagreements over what constitutes an "ordinary contingent expense" for purposes of being included in an austerity budget may be referred to the commissioner. We conclude that a determination should first be sought from the commissioner under section 2024 before seeking judicial redress, since "Resort to the court for a resolution of that issue is disruptive of the statutory scheme, and an unwarranted intrusion on the powers delegated by the Legislature to the commissioner" (Union Free School Dist. of Tarrytowns v Jackson, 93 Misc 2d 53, 58; see Matter of Reiss v Abramowitz, 39 AD2d 916). We do not believe that the bulletin issued by the State Education Department to all school districts to assist them in determining which costs should be deemed "ordinary contingent expenses" constituted a decision, order, rule or regulation of the commissioner from which judicial review can be sought. The bulletin specifically states that it is the responsibility of each board of education to decide which items in their school budgets are "ordinary contingent expenses", and that citizens who disagree with the board's determination can seek review by the commissioner under section 2024 of the Education Law. Thus, since the propriety of the Board of Education's decision that public instructional materials were not "ordinary contingent expenses" was not presented to the commissioner, Special Term should not have granted the declaratory relief sought. Accordingly, the order and judgment should be reversed and the complaint and petition dismissed. Order and judgment reversed, on the law, without costs, and complaint and petition dismissed. Mahoney, P. J., Greenblott, Kane and Mikoll, JJ., concur; Main, J., not taking part.