■  In the Matter of the Claim of MARY R. BARRECA, Respondent, v FREDONIA SEED COMPANY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from decisions of the Workers' Compensation Board, filed July 13, 1978 and November 21, 1978, which awarded claimant compensation at the total disability rate of an occupational disease in the nature of silicosis. The board found: "based on the evidence in the record of claimant's exposure to dust for 26 years and on the medical testimony of Dr. V. Cohen, claimant sustained an occupational disease, Section 3, Subdivision 2, Paragraph 28, in the nature of silicosis which is permanent and totally disabling." There is substantial evidence in the record to support this finding, and, accordingly, the board's decisions must be affirmed. Decisions affirmed, with costs to the Workers' Compensation Board against the employer and its insurance carrier. Greenblott, J. P., Sweeney, Staley, Jr., Main and Herlihy, JJ., concur.

■  In the Matter of the Claim of MARIO ZIZOLFO, Claimant, and ROWEN, DOWNES, CASCIONE & CHECHANOVER, P. C., Appellant, v WESTERN ELECTRIC COMPANY, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed November 29, 1978. By a decision dated October 28, 1977, claimant was awarded compensation by a referee and appellant attorney was allowed a fee of $500. An additional fee of $1,500 was sought by claimant's attorney, but the board found that appellant had been adequately compensated for services rendered. The sole issue on this appeal concerns the amount of the fee allowed to claimant's attorney. Pursuant to section 24 of the Workers' Compensation Law, the board has the power of approval of attorneys' fees and its determination in this regard will not be disturbed unless the fee fixed is so low or shocking as to be arbitrary, capricious or unreasonable as a matter of law *(Matter of Walsh v Sucrest Corp.,* 37 AD2d 321, 323, affd 31 NY2d 751; *Matter of Baranowski v Endicott Johnson Corp.,* 28 AD2d 780). Upon examination of the record on this appeal, we find no such reason to disturb the board's determination regarding attorney's fees and, therefore, the decision must be affirmed. Decision affirmed, with costs to the Workers' Compensation Board against appellant. Greenblott, J. P., Sweeney, Staley, Jr., Main and Herlihy, JJ., concur.