■ BETTY BISHOP, Appellant, v WORKERS' COMPENSATION BOARD OF THE STATE OF NEW YORK, Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Ingraham, J.), entered December 31, 1981 in Chenango County, which granted defendant's motion to dismiss the complaint and denied plaintiff's cross motion for summary judgment. Plaintiff seeks a judgment declaring that the defendant Workers' Compensation Board possesses the right, power and authority to approve payment of attorney's fees directly by claimant to her attorney even though the board has made no compensation award upon which that fee could constitute a lien. Allegedly she requires medical care because of injuries sustained during her employment; causal relation is being contested by the employer's carrier. Inasmuch as she has lost no time or earnings from employment and does not anticipate any, and she presupposes that an award of medical benefits only does not constitute a compensation award within the meaning of section 24 of the Workers' Compensation Law, she desires to retain, and she apparently can afford to retain, an attorney to represent her in proceedings before the board. Ostensibly, she has been unable to retain counsel because the board's interpretation of section 24 is such as not to allow any fee for legal services in these circumstances, and the board will not approve an attorney's fee payable directly by plaintiff. As evidence of the board's "interpretation" of section 24, she offers the text of board rule 16 (12 NYCRR 300.17 [d]), two letters from the board's general counsel, an interoffice memorandum of a supervising Workers' Compensation Law Judge, and a letter from the same Judge ordering the rehearing of an unreported case in which the claimant had been authorized to pay $30 in fees directly to his attorney. Dismissing the complaint, Special Term ruled, and we agree, that a justiciable controversy was not presented. Mere speculation respecting the interpretation that the board may accord section 24 is not a cogent basis for a declaratory judgment. On this record we cannot properly presume that the letters of the chief counsel and the supervising Judge represent a definitive expression of the board's view of the scope of section 24 (see *Board of Educ. v Nyquist,* 71 AD2d 757, affd 50 NY2d 889, 891, cert den __ US __). Issuing a declaratory judgment on such tenuous evidence of board policy would do violence to the legislative mandate that the board and not the courts should resolve matters arising under the Workers' Compensation Law in the first instance (*O'Rourke v Long,* 41 NY2d 219, 228). It may be that the board will treat the award of medical expenses as an "award of compensation" subject to a lien for attorney's fees (cf. *Matter of Brill v Jacobson,* 41 AD2d 792), or it may refuse to award attorney's fees, but do so for a reason other than that pressed by plaintiff. In any event, a settled expression of the board's policy or a board decision on this issue is desirable before judicial redress is accorded (*Board of Educ. v Nyquist, supra*). Furthermore, until plaintiff has exhausted her remedies before the board, she cannot rightfully approach the courts on this issue. Judgment affirmed, without costs. Kane, J. P., Casey, Yesawich, Jr., Weiss and Levine, JJ., concur.