■ In the Matter of the Claim of MARGARET CUMMINS, Appellant, v NORTH MEDICAL FAMILY PHYSICIANS et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [726 NYS2d 163] —Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed March 22, 2000, which disallowed an award of counsel fees.

Claimant suffered a work-related back injury in August 1995 which was immediately reported by her employer to the Workers' Compensation Board. Claimant did not lose any time from

work nor lose any wages as a result of her injury, but undertook a course of medical treatment which was initially authorized by her employer's workers' compensation carrier. Disputes regarding authorization for continuing medical treatment prompted claimant to retain an attorney to pursue her claim for continued medical benefits.

After a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) classified claimant, authorized continued medical treatment for her but, despite finding that claimant's attorney "rendered excellent service," denied counsel's request for a $450 fee because "there has never been any money passing in this case." Upon claimant's request for review, the Board upheld the WCLJ's decision. Claimant now appeals, arguing that the Board unconstitutionally applied Workers' Compensation Law § 24, erroneously interpreted that statute by finding counsel fees could only be paid from lost wage benefits and that the Board abused its discretion in not awarding counsel fees in this case.

Turning first to claimant's constitutional argument, we note that authorization for an award of counsel fees in workers' compensation cases is found in Workers' Compensation Law § 24, which provides that claims for counsel fees must be approved by the Board and are a lien on the compensation awarded (*see also*, 12 NYCRR 300.17). As claimant concedes, this statute is a "reasonable regulation of the payment of attorneys' fees, enacted for the protection of the claimant," and, as such, has been upheld as constitutional (*Crosby v State of New York, Workers' Compensation Bd.*, 57 NY2d 305, 308). Claimant argues that *application* of the statute by the Board was unconstitutional in this case because the Board's decision results in a blanket prohibition of counsel fees in compensation cases involving only disputed medical treatment, a position which will result in harm to injured workers who may not be able to enlist the help of counsel to secure much needed medical benefits in such cases. The Court in *Crosby* recognized that this scenario may prove problematic, but identified the problem as one properly left for legislative resolution. There is nothing in this record which prompts us to think any differently.

Next, we reject claimant's argument that the Board erred in finding that counsel fees may only be paid from lost wages and not from or as a result of an award of medical benefits. Counsel fees must be paid from compensation (*see*, Workers' Compensation Law § 24), which is statutorily defined as "the money allowance payable to an employee or to his dependents" (Workers' Compensation Law § 2 [6]), and we note no such economic

benefit was paid here. Claimant's reliance upon *Bishop v Workers' Compensation Bd.* (90 AD2d 604) is misplaced, as given the facts presented there, no justiciable controversy was presented. Now that the Board has determined that an award of medical benefits is not an award of compensation subject to a lien for counsel fees, we find no abuse of discretion in the Board's refusal to award counsel fees, and the lack of statutory authority to do so provides a rational basis for the Board's decision (*see, Matter of Ashley v Durant*, 252 AD2d 893).

Crew III, J. P., Peters, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.