In the Matter of the Claim of RENEE DONHAUSER, Appellant, v McLANE NORTHEAST et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [756 NYS2d 923] —Crew III, J. Appeal from a decision of the Workers' Compensation Board, filed August 9, 2002, which declined to modify an award of counsel fees.

Claimant sustained a compensable injury to her back in July 1999 and thereafter began receiving workers' compensation benefits at a temporary rate. A dispute subsequently arose as to the rate at which claimant's benefits were being paid and, in November 2001, claimant and the workers' compensation carrier entered into a stipulation based upon a classification of permanent partial disability, and benefits were awarded at an agreed-upon rate. In conjunction therewith, claimant's attorney sought a fee in the amount of $1,750. Noting prior awards of counsel fees totaling $500, the Workers' Compensation Law Judge granted counsel an additional award of $900. Although

claimant contended that such award was inadequate, a panel of the Workers' Compensation Board ultimately affirmed the award, prompting this appeal by claimant.

We affirm. The arguments raised by claimant on appeal do not warrant extended discussion. Initially, to the extent that claimant asserts that Workers' Compensation Law § 24, which affords the Board broad discretion regarding the award and payment of counsel fees, is unconstitutional, we need note only that the Court of Appeals has considered and rejected this very argument (*see Crosby v State of New York, Workers' Compensation Bd.*, 57 NY2d 305, 308 [1982]). Whatever remaining infirmities may exist in the statutory scheme is a matter for the Legislature to resolve (*see generally Matter of Cummins v North Med. Family Physicians*, 283 AD2d 861 [2001]).

As to the sum actually awarded, the case law makes clear that the Board is vested with considerable discretion "with regard to the approval and manner of payment of counsel fees" (*Matter of Marchese v New York State Dept. of Correctional Servs.*, 293 AD2d 920, 921 [2002]) and, based upon our review of the record as a whole, we perceive no abuse of that discretion here. Even a cursory review of the Board's decision reveals that the panel members indeed considered the nature and extent of the services rendered by claimant's counsel, the prior fees awarded to counsel and the fact that this matter ultimately was settled by stipulation. Under such circumstances, we are unable to discern any basis upon which to set aside the fee awarded by the Board. Claimant's remaining arguments on this point, to the extent that they are properly before us, have been examined and found to be lacking in merit.

Mercure, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.