■ In the Matter of the Claim of ROSEMARY BELL, Appellant, v GENESEE INN et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [940 NYS2d 772]—

Crew III, J. Appeal from a decision of the Workers' Compensation Board, filed September 29, 2005, which awarded counsel fees to claimant's attorney.

Claimant suffered injuries in a work-related accident, the par-

ties subsequently stipulated to claimant's average weekly wage and a schedule loss of use award of her left arm, and a Workers' Compensation Law Judge (hereinafter WCLJ) awarded benefits. Claimant's attorney thereafter submitted an application for counsel fees, together with an itemized time sheet detailing the 11.5 hours invested in this matter, seeking an award of counsel fees in the amount of $3,750. After some discussion, the WCLJ awarded counsel fees in the amount of $2,750, which was affirmed by the Workers' Compensation Board upon administrative review. Claimant now appeals the award of counsel fees.

We affirm. "Workers' Compensation Law § 24 vests in the Board broad discretion with regard to the approval of counsel fees, and such approval will be disturbed by this Court only if it is arbitrary, capricious, unreasonable or otherwise constitutes an abuse of the Board's discretion" (*Matter of Pavone v Ambassador Transp., Inc.*, 26 AD3d 645, 646-647 [2006] [citations omitted]; *see* 12 NYCRR 300.17 [f]). No such showing has been made here. Indeed, the record reflects that this matter was settled by stipulation over a modest period of time and, as the WCLJ aptly observed, without extensive litigation. Under such circumstances, we perceive no abuse of the Board's discretion as to the fee awarded.

As to claimant's contentions regarding the constitutionality of Workers' Compensation Law § 24, although carefully couched as an "as applied" challenge, it is apparent that the crux of claimant's argument is directed to the constitutionality of the statute itself. In this regard, that very issue has been addressed and resolved by the Court of Appeals (*see Crosby v State of N.Y., Workers' Compensation Bd.*, 57 NY2d 305, 308 [1982]) and, as we previously have held, "[w]hatever remaining infirmities may exist in the statutory scheme is a matter for the Legislature to resolve" (*Matter of Donhauser v McLane Northeast*, 304 AD2d 1017, 1018 [2003], *lv denied* 100 NY2d 514 [2003]).

Mercure, J.P., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.