▪ In the Matter of the Claim of Joseph Grasso, Appellant, v Brewster Central School District, Respondent. Workers' Compensation Board, Respondent. [916 NYS2d 326]—

Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed January 12, 2010, which awarded counsel fees to claimant's attorney.

Claimant injured his right arm at work and applied for workers' compensation benefits. A Workers' Compensation Law

Judge awarded claimant benefits based upon the parties' stipulation that claimant sustained a 23.75% schedule loss of use of the right arm, and claimant's attorney was awarded $3,200 in legal fees. Thereafter, the claim was amended to include a work-related injury to claimant's left shoulder. The parties again stipulated to a 58.75% schedule loss of use of the left arm and claimant's counsel applied for counsel fees in the amount of $11,000. A Workers' Compensation Law Judge awarded counsel fees in the amount of $6,500 and this award was affirmed on review by the Workers' Compensation Board. Claimant now appeals the award of counsel fees and we affirm.

"Workers' Compensation Law § 24 vests in the Board broad discretion with regard to the approval of counsel fees, and such approval will be disturbed by this Court only if it is arbitrary, capricious, unreasonable or otherwise constitutes an abuse of the Board's discretion" (*Matter of Pavone v Ambassador Transp., Inc.*, 26 AD3d 645, 646-647 [2006] [citations omitted]; *accord Matter of Bell v Genesee Inn*, 35 AD3d 940, 941 [2006]). Our review of the record reveals that the Board considered the extent of the services rendered by counsel and that the claim was settled by stipulation without extensive litigation when making its determination. Under these circumstances, we cannot conclude that the amount awarded was an abuse of the Board's discretion, and its determination will not be disturbed (*see Matter of Bell v Genesee Inn*, 35 AD3d at 941; *Matter of Donhauser v McLane Northeast*, 304 AD2d 1017, 1018 [2003], *lv denied* 100 NY2d 514 [2003]).

Mercure, J.P., Rose, Malone Jr. and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.