*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 23, 2017                522966
_____

In the Matter of the Claim of
    ALBANA SHIQERUKAJ,
                    Claimant,

        v

GOTHAM BROAD, LLC, et al.,
                    Respondents.          MEMORANDUM AND ORDER

WORKERS' COMPENSATION BOARD,
                    Respondent.

JOSEPH A. ROMANO,
                    Appellant.
_____

Calendar Date:  January 9, 2017

Before:  McCarthy, J.P., Egan Jr., Lynch, Clark and Mulvey, JJ.

_____

        Law Office of Joseph A. Romano, New York City (Joseph A.
Romano of counsel), for appellant.

        Vecchione, Vecchione, Connors & Cano, LLP, Garden City
(Brian M. Anson of counsel), for Gotham Broad, LLC and another,
respondents.

_____

Egan Jr., J.

        Appeal from a decision of the Workers' Compensation Board
filed December 3, 2015, which, among other things, determined the
amount of counsel fees due to claimant's counsel.

        In March 2012, claimant, a maintenance worker, sustained
work-related injuries to her head, neck and back when she fell

down a staircase while carrying bags of garbage, and her subsequent claim for workers' compensation benefits was established. Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) found, among other things, that claimant had sustained a 75% loss of wage-earning capacity and awarded her benefits. In conjunction therewith, the WCLJ also awarded claimant's counsel $4,700 in fees. Upon administrative review, the Workers' Compensation Board modified the WCLJ's decision, finding – insofar as is relevant here – that claimant had sustained a 45% loss of wage-earning capacity and, further, that a reduction in the award of counsel fees from $4,700 to $3,000 was warranted. Claimant's counsel now appeals – arguing that the Board erred in reducing the amount of counsel fees awarded.

"Workers' Compensation Law § 24 vests in the Board broad discretion with regard to the approval of counsel fees, and such approval will be disturbed by this Court only if it is arbitrary, capricious, unreasonable or otherwise constitutes an abuse of the Board's discretion" (Matter of Bell v Genesee Inn, 35 AD3d 940, 941 [2006] [internal quotation marks and citations omitted]). In reducing the counsel fees in this case, the Board apparently relied upon the OC-400.1 form submitted by claimant's attorney, as well as claimant's financial status.

Our review of the OC-400.1 form submitted in this case reveals that it is very similar to the form submitted by counsel in Matter of Tenecela v Vrapo Constr. (146 AD3d 1217, 2017 NY Slip Op 00367 [2017]) – a form that the Board ultimately deemed to be inadequate in that case (id. at *2). Specifically, although the form here sets forth the dates upon which services were rendered to claimant and the number of hours allocated thereto, the description of those services is largely indecipherable. More to the point, the form tendered by counsel in this matter appears to allocate "25+" hours to an unspecified date or range of dates, thereby "making impossible any assessment of the services rendered" (id.). Finally, the Board premised its award (in part) upon "the financial status of . . . claimant" but, other than noting a reduction in the loss of wage-earning capacity suffered by claimant, the Board's decision makes no reference to – and the record sheds no light upon – claimant's financial status. For these reasons, the Board's award of

counsel fees is incapable of intelligent appellate review, and we remit this matter to the Board for reconsideration thereof.[1]

McCarthy, J.P., Lynch, Clark and Mulvey, JJ., concur.

ORDERED that the decision is modified, on the law, without costs, by reversing so much thereof as awarded counsel fees in the amount of $3,000; matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court

---

[1] 12 NYCRR 300.17 requires that when an attorney representing a claimant before the Board seeks a fee in excess of $450, he or she must complete and file "an application upon . . . form OC-400.1 in each instance where a fee is requested pursuant to [Workers' Compensation Law §§ 24 and 24-a]," and such form "shall be accurately completed" (12 NYCRR 300.17 [d] [1]).