Mulvey, J.
Appeal from a decision of the Workers’ Compensation Board, filed April 20, 2015, which determined the amount of counsel fees due to claimant’s counsel.
Ann-Marie Jeffery (hereinafter decedent) filed a claim for workers’ compensation benefits after injuring her back at work and, in connection therewith, retained the law firm of Hinman, Howard & Kattell, LLP (hereinafter the firm). Decedent’s claim was established for a work-related injury and she was awarded workers’ compensation benefits. Shortly thereafter, decedent died. Claimant, decedent’s husband, who also retained the firm, filed for workers’ compensation death benefits, claiming that decedent’s death was causally related to her work-related injury. The claim was controverted and litigation ensued. Ultimately, the parties negotiated a settlement agreement pursuant to Workers’ Compensation Law § 32 that, among other things, finalized a settlement amount of $565,000 to claimant, which included counsel fees in the amount of $65,000. The Workers’ Compensation Law Judge approved the settle *1485 ment agreement with respect to claimant, but reduced the counsel fees to $30,000. The firm appealed that portion of the decision reducing its requested counsel fees. The Workers’ Compensation Board affirmed the reduction of the requested counsel fees, and this appeal by the firm ensued.
We affirm. “Workers’ Compensation Law § 24 vests in the Board broad discretion with regard to the approval of counsel fees, and such approval will be disturbed by this Court only if it is arbitrary, capricious, unreasonable or otherwise constitutes an abuse of the Board’s discretion” (Matter of Bell v Genesee Inn, 35 AD3d 940, 941 [2006] [internal quotation marks and citations omitted]). We are unpersuaded by the firm’s contention that the record exhibits a fundamental misunderstanding by the Board and the Workers’ Compensation Law Judge of the nature of the settlement agreement and procedural history of the case, and that counsel fees were improperly based upon the total award to claimant. Indeed, our review of the record reveals that the Board appropriately considered the relevant factors, including the services rendered by the firm, the number of hours spent and the hourly rate based on the hours spent and the approved fee, and awarded an amount of counsel fees commensurate with those services (see 12 NYCRR 300.17 [f[; Matter of Kennedy v New York City Dept. of Corr., 140 AD3d 1572, 1574 [2016]). As we perceive no abuse of discretion by the Board, the award of counsel fees will not be disturbed (see Matter of Grasso v Brewster Cent. School Dist., 81 AD3d 1060, 1061 [2011]).
Egan Jr., J.R, Lynch, Rose and Clark, JJ., concur.
Ordered that the decision is affirmed, without costs.