Matter of Seales v Eastern Concrete Cutting Corp. (2020 NY Slip Op 00195)





Matter of Seales v Eastern Concrete Cutting Corp.


2020 NY Slip Op 00195


Decided on January 9, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 9, 2020

528732

[*1]In the Matter of the Claim of Kevan Seales, Claimant,
v
Eastern Concrete Cutting Corporation et al., Respondents. Workers' Compensation Board, Respondent. Geoffrey Schotter, Appellant.

Calendar Date: November 12, 2019

Before: Garry, P.J., Egan Jr., Lynch and Aarons, JJ.


Geoffrey Schotter, New York City, appellant pro se.
Letitia James, Attorney General, New York City (Steven Segall of counsel), for Workers' Compensation Board, respondent.



Egan Jr., J.
Appeal from a decision of the Workers' Compensation Board, filed August 13, 2018, which determined the amount of fees due to claimant's counsel.
In March 2015, claimant filed a claim for workers' compensation benefits alleging an occupational disease stemming from repetitive strain injuries during the course of his employment and, in connection therewith, retained the legal services of Geoffrey Schotter. Following various hearings, the claim was established for causally-related occupational disease to claimant's neck, right shoulder, right wrist, left foot and both knees, with a date of disablement of March 5, 2015. Thereafter, the parties stipulated to, among other things, the schedule loss of use of the injured areas and that claimant was entitled to a lump-sum award of $189,790.16. The stipulation was submitted to the Workers' Compensation Board for approval, along with a counsel fee application detailing 36 hours of work and requesting a fee of $28,500. A Board conciliator approved the settlement but reduced the requested counsel fee to $20,000. Schotter appealed that portion of the decision that determined the amount of counsel fees. The Board affirmed the reduced award, and this appeal by Schotter ensued.
We affirm. "Workers' Compensation Law § 24 vests in the Board broad discretion with regard to the approval of counsel fees, and such approval will be disturbed by this Court only if it is arbitrary, capricious, unreasonable or otherwise constitutes an abuse of the Board's discretion" (Matter of Pavone v Ambassador Transp., Inc., 26 AD3d 645, 646-647 [2006] [citations omitted]; accord Matter of Jeffery v Frontier Cellular Verizon Wireless, 148 AD3d 1484, 1485 [2017], lv denied 30 NY3d 910 [2018]). Upon our review of the record, we perceive no abuse of discretion here. The Board's decision reflects that the panel members considered the counsel fee application, which set forth in detail the nature and extent of the services rendered by Schotter and the time spent rendering such services. In addition, the Board's decision refers to the written statement submitted by claimant, which supports Schotter's request for an increase in counsel fees and also sets forth claimant's financial status. Given that the Board's decision reflects that the appropriate factors were considered, as well as the rationale for the reduction of the requested counsel fee, which the Board found was an amount commensurate with the services rendered, under the facts of this particular case, we discern no reason to set aside the counsel fee awarded and, therefore, the Board's decision need not be disturbed (see 12 NYCRR 300.17 [f]; see also Matter of Jeffery v Frontier Cellular Verizon Wireless, 148 AD3d at 1485; Matter of Grasso v Brewster Cent. School Dist., 81 AD3d 1060, 1061 [2011]; Matter of Bell v Genesee Inn, 35 AD3d 940, 941 [2006]; cf. Matter of Smith v New York City Hous. Auth., 147 AD3d 1184, 1186 [2017]).
Garry, P.J., Lynch and Aarons, JJ., concur.
ORDERED that the decision is affirmed, without costs.