Matter of Oshier v New York State Dept. of Corr. & Community Supervision (2020 NY Slip Op 00896)





Matter of Oshier v New York State Dept. of Corr. & Community Supervision


2020 NY Slip Op 00896


Decided on February 6, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 6, 2020

528377

[*1]In the Matter of the Claim of Christina A. Oshier, Appellant,
v
New York State Department of Corrections and Community Supervision et al., Respondents. Workers' Compensation Board, Respondent. Law Firm of Alex Dell, PLLC, Appellant.

Calendar Date: January 9, 2020

Before: Mulvey, J.P., Aarons, Pritzker and Colangelo, JJ.


Law Firm of Alex Dell, PLLC, Albany (Alex C. Dell of counsel), for appellants.
Letitia James, Attorney General, New York City (Marjorie S. Leff of counsel), for Workers' Compensation Board, respondent.



Pritzker, J.
Appeal from a decision of the Workers' Compensation Board, filed June 29, 2018, which determined the amount of counsel fees due to claimant's counsel.
In April 2015, claimant injured her left shoulder while carrying heavy files as she was performing her duties as an office assistant. As a result, she filed a claim for workers' compensation benefits. Claimant appeared at a hearing before a Workers' Compensation Law Judge (hereinafter WCLJ) without counsel and, at its conclusion, the WCLJ ruled that claimant sustained a compensable injury and set the average weekly wage at $1,022.01. In December 2016, claimant retained counsel to represent her in further proceedings involving her claim. Conflicting medical evidence was presented on the issue of the permanency of claimant's condition. Ultimately, the WCLJ concluded that claimant had a 55% schedule loss of use of the left arm and awarded her benefits totaling $116,917.94. Although claimant's counsel requested counsel fees in the amount of $18,000, the WCLJ awarded $9,225. Claimant and her counsel filed an application with the Workers' Compensation Board for review of that part of the WCLJ's decision awarding counsel fees. A panel of the Board, in turn, modified the WCLJ's decision by reducing the award and granting counsel fees to claimant's counsel in the amount of $8,000. Claimant and her counsel appeal.
Initially, we note that "Workers' Compensation Law § 24 vests in the Board broad discretion with regard to the approval of counsel fees, and such approval will be disturbed by this Court only if it is arbitrary, capricious, unreasonable or otherwise constitutes an abuse of the Board's discretion" (Matter of Jeffery v Frontier Cellular Verizon Wireless, 148 AD3d 1484, 1485 [2017] [internal quotation marks and citations omitted], lv denied 30 NY3d 910 [2018]; see Matter of Shiqerukaj v Gotham Broad, LLC, 147 AD3d 1262, 1263 [2017]). The Board's regulations provide, in relevant part, that "[w]henever an award is made to a claimant who is represented by an attorney . . ., and a fee is requested, the [B]oard in such case shall approve a fee in an amount commensurate with the services rendered and having due regard for the financial status of the claimant and whether the attorney . . . engaged in dilatory tactics or failed to comply in a timely manner with [B]oard rules" (12 NYCRR 300.17 [f]; see Matter of Fernandez v Royal Coach Lines, Inc., 146 AD3d 1220, 1220 [2017]). Significantly, the regulations further state, "In no case shall the fee be based solely on the amount of the award" (12 NYCRR 300.17 [f]; see Matter of Fernandez v Royal Coach Lines, Inc., 146 AD3d at 1220).
Claimant's counsel sought counsel fees of $18,000 and represented that a total of 17.9 hours were expended performing legal services in connection with claimant's case. In support of his application, counsel submitted records indicating that the time was spent reviewing claimant's file and medical records, preparing for the depositions of two physicians, conducting those depositions, preparing correspondence and communicating with claimant about the case. Notably, the claim had already been established by the time counsel was retained so the services rendered were confined to the schedule loss of use award. Although counsel maintains that it was through his vigorous advocacy that he was able to obtain a favorable result, the desirability of the result is not a relevant consideration in determining the amount of the counsel fees to be awarded. Indeed, the regulations specifically prohibit an award of counsel fees based upon the amount of the recovery (see 12 NYCRR 300.17 [f]). Similarly, claimant's endorsement of counsel's request is not pertinent consideration. Furthermore, counsel provides no support for his claim that 15% of the amount awarded to a claimant is the customary fee in a workers' compensation case such as this one. Therefore, under the circumstances presented, we find that the Board's counsel fee award of $8,000 was not arbitrary, capricious or an abuse of discretion (see Matter of Jeffery v Frontier Cellular Verizon Wireless, 148 AD3d at 1485; Matter of Grasso v Brewster Cent. School Dist., 81 AD3d 1060, 1061 [2011]; Matter of Zizfolfo v Western Elec. Co., 72 AD2d 639, 639 [1979]).
Mulvey, J.P., Aarons and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.