Matter of Gilliam v Doccs Wende Corr. Facility (2021 NY Slip Op 00074)





Matter of Gilliam v Doccs Wende Corr. Facility


2021 NY Slip Op 00074


Decided on January 7, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 7, 2021

531543

[*1]In the Matter of the Claim of Wanda Gilliam, Appellant,
v
Doccs Wende Correctional Facility et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: December 17, 2020

Before: Lynch, J.P., Clark, Mulvey, Pritzker and Colangelo, JJ.


Dolce Panepinto PC, Buffalo (Holly L. Schoenborn of counsel), for appellant.
Tanisha Edwards, State Insurance Fund, Buffalo (Bess Sokaris of counsel), for DOCCS Wende Correctional Facility respondent.



Pritzker, J.
Appeal from a decision of the Workers' Compensation Board, filed January 8, 2020, which ruled, among other things, that claimant was entitled to a 30% schedule loss of use award of her left arm.
Claimant, a correction officer, has an established claim for injuries to her right hip and left shoulder as the result of a work-related accident that occurred in May 2017. After seeking treatment from orthopedist Michael Grant, who diagnosed claimant as suffering from a contusion to her right hip and a possible torn rotator cuff in her left shoulder, claimant returned to work without restrictions. Subsequently, claimant struggled with pain and underwent a course of physical therapy and, following a period of temporary disability and a cortisone injection in her left shoulder, claimant again was cleared to return to work without restrictions.
In November 2018, the matter was set down for a permanency determination, and the parties subsequently agreed to forgo medical testimony and rely upon the reports prepared by Grant and Louis Nunez, the latter of whom performed an independent orthopedic examination of claimant in April 2019. Grant concluded that claimant had sustained a 57.5% schedule loss of use (hereinafter SLU) of her right leg and a 60% SLU of her left arm (based upon the loss of motion in her left shoulder), while Nunez found that claimant had a 28% SLU of her shoulder and made no SLU award relative to claimant's leg. A Workers' Compensation Law Judge credited Grant's assessment, finding that claimant sustained a 60% SLU of her left arm and a 57.5% SLU of her right leg, and awarded claimant's attorney a fee in the amount of $40,000. Upon administrative review, the Workers' Compensation Board — crediting Nunez's evaluation — modified that decision and awarded claimant a 30% SLU for her left arm and made no SLU award with respect to her right leg; the Board also reduced the award of counsel fees to claimant's attorney to $11,500. This appeal by claimant ensued.
We affirm. "Whether a claimant is entitled to an SLU award and, if so, the resulting percentage are factual questions for the Board to resolve. Consequently, judicial review is limited, and the Board's determination will not be disturbed as long as it is supported by substantial evidence" (Matter of Maunder v B & B Lbr. Co., 166 AD3d 1261, 1261 [2018] [internal quotation marks and citations omitted]; see Matter of Bell v Glens Falls Ready Mix Co., Inc., 169 AD3d 1145, 1146 [2019]; Matter of Napoli v Con Edison, 169 AD3d 1121, 1122 [2019]). Notably, "the Board is vested with the authority to resolve conflicting medical opinions concerning the SLU percentage to be assigned to a specific injury" (Matter of Maloney v Wende Corr. Facility, 157 AD3d 1155, 1156 [2018]), and, to that end, "the Board is free to accept or reject portions of a medical expert's opinion" (Matter of Castano v Westchester Community Coll., 179 AD3d 1263, 1264 [2020] [internal quotation marks and citations omitted[*2]], lv denied 35 NY3d 906 [2020]; see Matter of Napoli v Con Edison, 169 AD3d at 1123; Matter of Campbell v Interstate Materials Corp., 135 AD3d 1276, 1277 [2016]).
Although Grant initially diagnosed claimant as suffering a contusion to her right hip in May 2017, no further mention of this injury or any complaints relative thereto appears in Grant's office records until the January 2019 permanency evaluation — wherein he concluded that claimant had suffered a 57.5% SLU of her right leg. Additionally, the reports prepared following both Nunez's April 2019 evaluation and a separate independent medical examination of claimant conducted in November 2017 reflect that claimant made no complaints of pain in her right hip on those occasions. Absent proof that claimant complained of, was evaluated for and/or received treatment for this injury during the approximately 20 months that elapsed between her initial injury and the permanency evaluation, the Board's decision to reject Grant's opinion and to make no SLU award with respect to claimant's right leg is supported by substantial evidence and will not be disturbed.
As for the SLU award attributable to claimant's left arm, the Board elected to credit the evaluation performed by Nunez in concluding that claimant sustained a 30% SLU thereof. Although, as claimant notes, the report initially prepared by Nunez incorrectly attributed the SLU percentage to claimant's right shoulder, Nunez subsequently issued an addendum thereto, wherein he corrected the typographical errors at issue and clarified the measurements taken relative to claimant's range of motion in her left shoulder. Contrary to claimant's assertion, we do not find that the clarification sought by the employer's workers' compensation carrier improperly influenced or otherwise dictated the course of the addendum prepared by Nunez. To the extent that claimant cites to other alleged deficiencies in Nunez's report, the Board — upon reviewing this report and taking into consideration both the medical evidence contained in the record and the relevant impairment guidelines — nonetheless found Nunez's report to be more credible in terms of fashioning an appropriate SLU award. Given the Board's authority to resolve conflicting medical opinions regarding the SLU percentage to be assigned (see Matter of Maloney v Wende Corr. Facility, 157 AD3d at 1156), we find its decision to award claimant a 30% SLU of her left arm to be supported by substantial evidence.
As to the issue of counsel fees, "Workers' Compensation Law § 24 vests in the Board broad discretion with regard to the approval of counsel fees, and such approval will be disturbed by this Court only if it is arbitrary, capricious, unreasonable or otherwise constitutes an abuse of the Board's discretion" (Matter of Oshier v New York State Dept. of Corr. & Community Supervision, 180 AD3d 1114, 1115 [2020] [internal quotation marks and citations omitted]; accord Matter of Seales v Eastern Concrete [*3]Cutting Corp., 179 AD3d 1262, 1262 [2020]; see Matter of Jackson v New York City Dept. of Transp., 149 AD3d 1334, 1335 [2017]). "Whenever an award is made to a claimant who is represented by an attorney . . . and a fee is requested, the [B]oard in such case shall approve a fee in an amount commensurate with the services rendered . . .. In no case shall the fee be based solely on the amount of the award" (12 NYCRR 300.17 [f]; see Matter of Fernandez v Royal Coach Lines, Inc., 146 AD3d 1220, 1220 [2017]; Matter of Tenecela v Vrapo Constr., 146 AD3d 1217, 1219 [2017]).
Here, claimant's attorney, who was not retained until July 2019 — after the permanency evaluations had been completed and long after the claim was established (see Matter of Oshier v New York State Dept. of Corr. & Community Supervision, 180 AD3d at 1116]) — submitted an application seeking a $40,000 fee for 15.8 hours of work.[FN1] Upon due consideration of all of the relevant factors, including "the nature and extent of the services, the actual time spent, the necessity therefor, the nature of the issues involved, the professional standing of counsel, the brief period of representation . . . and the results achieved" (Employer: Finger Lakes DDSO, 2017 WL 2900153, *4, 2017 NY Wrk Comp LEXIS 8785, *10 [WCB No. G119 3114, June 26, 2017]), as well as claimant's financial circumstances (see 12 NYCRR 300.17 [f]), we cannot say that the Board abused its considerable discretion by reducing the fee awarded to $11,500. Claimant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Lynch, J.P., Clark, Mulvey and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: Counsel submitted an updated application reflecting additional hours expended after the initial $40,000 fee was awarded, but no additional fee was requested.