Matter of Tompkins v Bedford Stone & Masonry (2021 NY Slip Op 05371)





Matter of Tompkins v Bedford Stone & Masonry


2021 NY Slip Op 05371


Decided on October 7, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:October 7, 2021

531277
[*1]In the Matter of the Claim of Michael Tompkins, Appellant,
v
Bedford Stone and Masonry et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:September 17, 2021

Before:Garry, P.J., Egan Jr., Lynch, Clark and Pritzker, JJ.

Rella & Associates, PC, Sleepy Hollow (David I. Tomack of counsel), for appellant.
Tanisha Edwards, State Insurance Fund, Albany (Thomas Tumino of counsel), for Bedford Stone and Masonry and another, respondents.



Garry, P.J.
Appeal from a decision of the Workers' Compensation Board, filed March 24, 2020, which determined the amount of counsel fees due to claimant's attorney.
Claimant sustained a work-related injury to his back in April 2006 and filed a claim for workers' compensation benefits. The claim, which was amended in 2010 to include a consequential injury to claimant's right knee, was accepted by the employer's workers' compensation carrier and benefits were awarded. Throughout the course of this proceeding, claimant was represented by retained counsel, who, in November 2019, negotiated a Workers' Compensation Law § 32 agreement that settled the matter for $200,000. In conjunction therewith, counsel submitted a form OC-400.1 fee application requesting counsel fees in the amount of $30,000. The proposed notice of approval of the settlement determined that the fee sought was disproportionate to the actual amount of legal work performed and reduced the counsel fee award to $24,000. Upon administrative review, the Workers' Compensation Board affirmed the reduction, deeming an award of $24,000 to claimant's attorney to be appropriate compensation. This appeal ensued.[FN1]
We affirm. "Workers' Compensation Law § 24 vests in the Board broad discretion with regard to the approval of counsel fees, and such approval will be disturbed by this Court only if it is arbitrary, capricious, unreasonable or otherwise constitutes an abuse of the Board's discretion" (Matter of Seales v Eastern Concrete Cutting Co., 179 AD3d 1262, 1262 [2020] [internal quotation marks and citations omitted]; accord Matter of Gilliam v DOCCS Wende Corr. Facility, 190 AD3d 1080, 1082 [2021]; Matter of Oshier v New York State Dept. of Corr. & Community Supervision, 180 AD3d 1114, 1115 [2020]). Where, as here, the amount of the fee requested exceeds $1,000, counsel must submit a properly completed form OC-400.1 specifying the services rendered and the time spent in the performance thereof (see 12 NYCRR 300.17 [d] [1]; [e]). "Whenever an award is made to a claimant who is represented by an attorney . . . and a fee is requested, the [B]oard . . . shall approve a fee in an amount commensurate with the services rendered and having due regard for the financial status of the claimant and whether the attorney . . . engaged in dilatory tactics or failed to comply in a timely manner with [B]oard rules" (12 NYCRR 300.17 [f]; see Matter of Gilliam v DOCCS Wende Corr. Facility, 190 AD3d at 1082; Matter of Fernandez v Royal Coach Lines, Inc., 146 AD3d 1220, 1220 [2017]). The regulations make clear, however, that "[i]n no case shall the fee be based solely on the amount of the award" (12 NYCRR 300.17 [f]; accord Matter of Oshier v New York State Dept. of Corr. & Community Supervision, 180 AD3d at 1115; Matter of Smith v New York City Hous. Auth., 147 AD3d 1184, 1186 [2017]), as "the desirability of the result [achieved by counsel] is not a relevant consideration in determining the amount of the counsel fees [*2]to be awarded" (Matter of Oshier v New York State Dept. of Corr. & Community Supervision, 180 AD3d at 1116).
There is no dispute that counsel represented claimant for a number of years and, in conjunction therewith, submitted a detailed form OC-400.1 in support of the request for counsel fees. Although the form in question reflects that counsel represented claimant at a number of hearings, the form also reveals that those hearings were not particularly time-consuming and that the bulk of the services rendered in the interim consisted of telephone calls or correspondence. As noted previously, the carrier accepted the claim from the outset, and the record as a whole does not otherwise demonstrate that the issues presented were especially contentious or complex. Upon due consideration of all of the relevant factors (see Matter of Gilliam v DOCCS Wende Corr. Facility, 190 AD3d at 1083), and as the Board's decision reflects its rationale for reducing the fee sought from $30,000 to $24,000, we are satisfied that the Board awarded counsel a fee that was commensurate with the services rendered and, therefore, the Board's decision will not be disturbed (see Matter of Oshier v New York State Dept. of Corr. & Community Supervision, 180 AD3d at 1116; Matter of Seales v Eastern Concrete Cutting Corp., 179 AD3d at 1263). The carrier's remaining arguments on this point, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Egan Jr., Lynch, Clark and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: As the sole issue upon appeal centers upon the amount of the counsel fee award, the notice of appeal — which was filed in claimant's name — should have been filed on behalf of the law firm (see Matter of Dzielski v New York State Dept. of Corr. & Community Supervision, 195 AD3d 1255, 1256 n [2021]). However, in the absence of any demonstration of prejudice, we will disregard this error (see CPLR 2001; Matter of Dzielski v New York State Dept. of Corr. & Community Supervision, 195 AD3d at 1256 n).