Matter of Clifton v Research Found. of SUNY (2025 NY Slip Op 00509)

Matter of Clifton v Research Found. of SUNY

2025 NY Slip Op 00509

Decided on January 30, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 30, 2025

CV-23-2310
[*1]In the Matter of the Claim of Debra S. Clifton, Appellant,
v
Research Foundation of SUNY et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:January 6, 2025

Before:Garry, P.J., Pritzker, Ceresia, Powers and Mackey, JJ.

Hinman, Howard & Kattell, LLP, Binghamton (Jeffrey A. Jaketic of counsel), for appellant.
Letitia James, Attorney General, New York City (Alison Kent-Friedman of counsel), for Workers' Compensation Board, respondent.

Ceresia, J.
Appeal from a decision of the Workers' Compensation Board, filed October 16, 2023, which, among other things, denied counsel's application for an award of counsel fees.
Claimant established a workers' compensation claim for work-related injuries to her neck and head and was awarded benefits, subject to apportionment against a prior established workers' compensation claim. Thereafter, claimant was classified with a 75% permanent partial disability with the employer's workers' compensation carrier to continue payment of awards, subject to apportionment. The parties subsequently negotiated a settlement agreement pursuant to Workers' Compensation Law § 32, whereby claimant waived all future rights to workers' compensation benefits in connection with the instant claim in exchange for a lump sum, minus counsel fees — which settlement the Workers' Compensation Board approved.
Shortly thereafter, claimant filed a request for further action, alleging that the settlement award was not timely paid, and sought a late penalty. Following a hearing, a Workers' Compensation Law Judge found that a portion of the settlement award was untimely and, among other things, imposed a penalty of 20% of the amount determined to be untimely to be paid to claimant. The Workers' Compensation Law Judge, citing the recent amendment to Workers' Compensation Law § 24, denied a request by claimant's counsel for counsel fees related to his efforts in securing the late payment penalty. Upon administrative appeal, the Board modified that decision by finding that the carrier failed to timely pay the full amount of the award and assessed a late payment penalty based upon 20% of the entire award, resulting in a late payment penalty of $12,083.13 payable to claimant, but otherwise affirmed the denial of the request for counsel fees on the late payment penalty. This appeal ensued.[FN1]
We affirm. The issue raised here — whether counsel fees are payable in connection with a late payment penalty in light of the recent amendment to Workers' Compensation Law § 24 — was addressed and decided in our recent decision in Matter of Gonzalez v Northeast Parent & Child Socy. (232 AD3d 1011 [3d Dept 2024]). For the reasons set forth in that case, we find no basis to disturb the Board's denial of the request for counsel fees.
Garry, P.J., Pritzker, Powers and Mackey, JJ., concur,
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: The only issue on appeal pertains to the amount of counsel fees awarded. As such, the notice of appeal — which was filed in claimant's name — should have been filed on behalf of the law firm (see Matter of Tompkins v Bedford Stone & Masonry, 198 AD3d 1031, 1032 n [3d Dept 2021]; Matter of Dzielski v New York State Dept. of Corr. & Community Supervision, 195 AD3d 1255, 1256 n [3d Dept 2021]). Nevertheless, in the absence of any demonstrated prejudice, we will disregard this error (see CPLR 2001; Matter of Tompkins v Bedford Stone & Masonry, 198 AD3d at 1032 n).