Matter of Cabrera v New York City Hous. Auth. (2025 NY Slip Op 05129)

Matter of Cabrera v New York City Hous. Auth.

2025 NY Slip Op 05129

Decided on September 25, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 25, 2025

CV-23-2004
[*1]In the Matter of the Claim of Joseph Cabrera, Appellant,
v
New York City Housing Authority, Respondent. Workers' Compensation Board, Respondent.

Calendar Date:September 9, 2025

Before:Garry, P.J., Aarons, Fisher, McShan and Mackey, JJ.

Ginarte Gonzalez Winograd LLP, New York City (Patrick M. Quinn of counsel), for appellant.
Weiss, Wexler & Wornow, PC, New York City (J. Evan Perigoe of counsel), for New York City Housing Authority, respondent.
Letitia James, Attorney General, New York City (Alison Kent-Friedman of counsel), for Workers' Compensation Board, respondent.

Garry, P.J.
Appeal from a decision of the Workers' Compensation Board, filed September 20, 2023, which, among other things, denied counsel's application for an award of counsel fees.
In 2022, after establishing a claim for workers' compensation benefits for various work-related injuries, claimant was classified with a permanent partial disability and tentative indemnity awards for a specified period were made, with direction that the self-insured employer continues payments at the permanent partial disability rate. Thereafter, claimant's counsel made a request for further action to address whether certain payments of the award were timely paid. Following a hearing at which the self-insured employer conceded that it failed to make certain compensation payments, the Workers' Compensation Law Judge imposed a late payment penalty pursuant to Workers' Compensation Law § 25 (1) (e), payable to claimant, but denied the application by claimant's counsel for fees in connection with securing the late payment penalty. Upon administrative appeal challenging the preclusion of counsel fees, the Workers' Compensation Board affirmed, finding that additional counsel fees were properly denied as the recent amendments to Workers' Compensation Law § 24, which set forth the schedule of counsel fees based upon awards, makes no provision for additional fees payable to a claimant's representative based upon the assessment of a late payment penalty. Claimant appeals.[FN1]
The Board's decision finding that it lacked authority under the recent amendments to Workers' Compensation Law § 24 to award counsel fees for legal services provided in procuring a late payment penalty is consistent with this Court's recent decision in Matter of Gonzalez v Northeast Parent & Child Socy. (232 AD3d 1011, 1011-1012 [3d Dept 2024], lv dismissed in part & granted in part 43 NY3d 937 [2025]) and its progeny (see Matter of Clifton v Research Found. of SUNY, 234 AD3d 1235, 1235-1236 [3d Dept 2025]). Accordingly, for the reasons set forth in Matter of Gonzalez, the Board's finding that claimant's counsel is not entitled to additional fees related to the late payment penalty will not be disturbed.
Aarons, Fisher, McShan and Mackey, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: The sole issue raised on appeal is a challenge to the denial of counsel fees. As such, the notice of appeal — which was filed in claimant's name — should have been filed on behalf of the law firm (see Matter of Tompkins v Bedford Stone & Masonry, 198 AD3d 1031, 1032 n [3d Dept 2021];Matter of Dzielski v New York State Dept. of Corr. & Community Supervision, 195 AD3d 1255, 1256 n [3d Dept 2021]). Nevertheless, in the absence of any demonstrated prejudice, we will disregard this error (see CPLR 2001; Matter of Tompkins v Bedford Stone & Masonry, 198 AD3d at 1032 n).